UNITED STATES of America, Plaintiff–Appellee,

v.

Phillip A. PARRISH, Defendant–Appellant.

No. 90–4001.

United States Court of Appeals, Tenth Circuit.

Feb. 13, 1991.

Ronald J. Yengich, Yengich, Rich, Xaiz & Metos, Salt Lake City, Utah, for defendant-appellant.

Dee Benson, U.S. Atty., and Tena Campbell, Asst. U.S. Atty., Salt Lake City, Utah, for plaintiff-appellee.

Before TACHA and McWILLIAMS, Circuit Judges, and NOTTINGHAM, District Judge.*

TACHA, Circuit Judge.

Defendant-appellant Phillip Parrish appeals a conviction of attempting to possess one kilogram of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), using or carrying a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1), and possessing 113.4 grams of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Parrish contends the district court erred by: (1) denying a motion to suppress evidence found at his apartment because the underlying affidavit for the search warrant lacked probable cause, (2) finding the evidence was sufficient to support the jury's finding that he possessed cocaine with intent to distribute and used or carried a firearm in connection with a drug trafficking offense, (3) failing to sever Parrish's trial from that of his co-defendants, and (4) refusing to instruct the jury on the minimum mandatory sentences. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

On March 7, 1989, Morgan Sayes, an undercover agent with the Metropolitan Narcotics Task Force, purchased one ounce of cocaine from Laura Snell and her boyfriend, Greg Efron, at the Sunburst Apartments in Salt Lake City, Utah. Sayes purchased cocaine from Snell and Efron again on March 23. During this transaction, agent Sayes told Efron he was going to purchase five kilograms of cocaine and asked Efron if he would like to purchase two of them. Efron said he would contact his source to see if his source was interested. During a telephone conversation between Efron and Sayes on March 29, Sayes again indicated he would contact "his man" but believed his source would only want to purchase one kilogram. Efron told Sayes to call him back in an hour.

When Sayes called later that evening, Efron told him to come over to the apartment. Sayes drove to the Sunburst Apartments followed at a distance by officers from the Metropolitan Narcotics Strike Force. When Sayes arrived at the apartment, he noticed the bedroom door was closed. After some preliminary negotiations, Sayes insisted on examining the money before the transaction went any farther. Snell went into the bedroom, making sure the door was closed after her. She quickly returned with $14,870 in cash.

After examining the money, Sayes told Efron and Snell he was going to get the cocaine. He then walked outside and signaled the officers to make the arrest. The officers entered the apartment and arrested Efron, Snell, and Parrish, who was hiding in a walk-in closet in the bedroom. The officers found a loaded .45 caliber pistol on the shelf above Parrish within his reach. His name was scratched on the magazine of the pistol. The officers found a small amount of cocaine in the closet. In searching Efron incident to the arrest, the officers found a key to Parrish's apartment. They obtained a telephonic search warrant to search that apartment, where they found approximately one-quarter pound of cocaine. Although three adults were in Parrish's apartment when the officers arrived, none of them was arrested.

A federal grand jury returned a multi-count indictment against Efron, Snell, and Parrish. All three were tried jointly before a jury. Parrish was convicted of attempting to possess one kilogram of cocaine with intent to distribute, using and carrying a firearm in connection with a drug trafficking offense, and possessing 113.4 grams of cocaine with intent to distribute.

---

* Honorable Edward W. Nottingham, United States District Judge for the District of Colorado, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

## I. *Probable Cause for the Search Warrant*

Probable cause to issue a warrant exists if there are "[s]ufficient facts ... for a reasonably prudent person to believe that a search of the described premises would uncover evidence of a crime." *United States v. Burns*, 624 F.2d 95, 99 (10th Cir.), *cert. denied*, 449 U.S. 954, 101 S.Ct. 361, 66 L.Ed.2d 219 (1980). Our duty as a reviewing court is simply to ensure the magistrate had a substantial basis for concluding probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).

■ Here, the affidavit of Bill McCarthy of the Metropolitan Narcotics Strike Force states Efron told Sayes on the telephone he would take the cocaine from their transaction to the apartment of his source. The affidavit also states Parrish gave the address of his apartment to the officers when he was arrested. One of the officers present at the arrest, Detective Houseley, testified she recognized Parrish's name and address as that of a known narcotics trafficker subject to an on-going investigation. She explained she had been on a narcotics surveillance at his apartment. Based on this evidence, we are convinced the magistrate had a substantial basis for concluding there was probable cause for issuing the warrant.

■ Parrish contends the affidavit is insufficient because it contains no specific information indicating evidence of a crime would be found at his apartment. In particular, he argues Houseley personally had not observed any drug trafficking. The mere fact an affidavit does not contain personal knowledge of illegal activity at the residence is not fatal to the determination of probable cause. *See United States v. Rahn*, 511 F.2d 290, 293 (10th Cir.), *cert. denied*, 423 U.S. 825, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975). We conclude McCarthy's affidavit established probable cause to believe cocaine would be found in Parrish's apartment because allegations in it would lead a reasonable person to believe evidence of a crime would be found.

## II. *Sufficiency of the Evidence*

Parrish also contends the evidence was insufficient to support the jury's finding that he possessed cocaine with intent to distribute and used or carried a firearm in connection with a drug trafficking offense. The evidence is sufficient if a reasonable jury could find the defendant guilty beyond a reasonable doubt. *United States v. Levario*, 877 F.2d 1483, 1485 (10th Cir.1989). We evaluate the evidence in a light most favorable to the government, *United States v. Alonso*, 790 F.2d 1489, 1492 (10th Cir.1986), and make all reasonable inferences and credibility choices in favor of the jury's conclusions, *United States v. Massey*, 687 F.2d 1348, 1354 (10th Cir.1982).

### A. Possession of Cocaine with Intent to Distribute

■ Parrish contends there was no evidence he actually possessed the cocaine found in his apartment. An individual has constructive possession of narcotics if he knowingly holds the power and ability to exercise dominion and control over the narcotics. *United States v. Culpepper*, 834 F.2d 879, 881 (10th Cir.1987). Exercising dominion and control over a residence where contraband is concealed may constitute constructive possession of the narcotics. *See United States v. Morales*, 868 F.2d 1562, 1573 (11th Cir.1989). Further, constructive possession may be established by circumstantial evidence. *Culpepper*, 834 F.2d at 882. The government, however, must show a sufficient nexus between the defendant and the narcotics. *Id.*

■ Here, there is ample evidence to show Parrish exercised dominion and control over the apartment where the 113.4 grams of cocaine was concealed. This evidence also establishes a sufficient nexus between Parrish and the narcotics. When Parrish was arrested, he gave the address of this apartment as his own address. The government presented evidence that this apartment was rented to Parrish at the time of the arrest. Efron, the middleman, testified he had been to the apartment numerous times to purchase drugs from Parr-

ish. The officers also found various documents with Parrish's name on them at the apartment. We are convinced there was sufficient evidence of constructive possession of the cocaine to find Parrish guilty of violating section 841(a)(1).

Parrish argues the fact that three adults were found at the apartment when the police arrived and that Efron had a key suggests there is insufficient evidence to conclude the cocaine did not belong to another person with access to the apartment. We disagree. Although it is possible to hypothesize from circumstantial evidence that another individual may have possessed the cocaine found at the apartment, the evidence required to support a verdict need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt. *Alonso*, 790 F.2d at 1493 (quoting *United States v. Henry*, 468 F.2d 892, 894 (10th Cir.1972)). The evidence only must reasonably support the jury's finding of guilt beyond a reasonable doubt. *Culpepper*, 834 F.2d at 881.

Here, the evidence is sufficient for a reasonable jury to conclude only Parrish exercised dominion and control over the apartment at the time of the arrest. The apartment had two bedrooms, but only one was occupied. The occupied bedroom had only one bed and the closet contained only male clothing, apparently of one size. Efron testified a woman had been living with Parrish at the apartment, but had recently moved out. It is clear from this evidence four people were not occupying that apartment. This conclusion is corroborated by the statements of the three other people present at the apartment when the police arrived. They stated they did not live at the apartment and only were there to clean the rug.

Parrish also contends the evidence was insufficient to support a conviction for intent to distribute cocaine. We disagree. A large quantity of cocaine can be sufficient to support a judgment that a defendant intended to distribute the drug. *See United States v. Hooks*, 780 F.2d 1526, 1532 (10th Cir.), *cert. denied*, 475 U.S. 1128, 106 S.Ct. 1657, 90 L.Ed.2d 199 (1986). Here,

the officers recovered packaging material, a scale for measuring cocaine, and 113.4 grams of cocaine from Parrish's apartment. Based on the record, we hold the evidence is sufficient for a reasonable jury to determine beyond a reasonable doubt that Parrish possessed and intended to distribute cocaine.

**B. Using or Carrying a Firearm in Connection with a Drug Trafficking Offense**

■ Parrish contends there was insufficient evidence to conclude he used *and* carried a firearm in connection with the drug trafficking offense. Although the indictment charged that Parrish used and carried a firearm in connection with a drug trafficking offense, he was convicted of carrying *or* using a firearm in connection with a drug trafficking offense in violation of section 924(c)(1). As we noted in *United States v. Gunter*, 546 F.2d 861, 868–69 (10th Cir.1976), *cert. denied*, 430 U.S. 947, 97 S.Ct. 1583, 51 L.Ed.2d 794 and 431 U.S. 920, 97 S.Ct. 2189, 53 L.Ed.2d 232 (1977), a "crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive." Thus, we will uphold the conviction if there is sufficient evidence to find Parrish either carried *or* used a firearm in violation of section 924(c)(1) during the attempted drug transaction with Sayes on March 29. Because there is sufficient evidence of Parrish's use of the firearm, we do not consider whether the evidence also was sufficient to support a conviction under section 924(c) for carrying a firearm.

In *United States v. McKinnell*, 888 F.2d 669, 675 (10th Cir.1989) (quoting *United States v. Matra*, 841 F.2d 837, 843 (8th Cir.1988)), we held the "use" element of section 924(c)(1) is satisfied when: (1) the defendant has "ready access" to the firearm, and (2) the firearm was "an integral part of his criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed." The "ready access" element requires evidence the firearm was available to the defendant in the vicinity where the drug trafficking offense took place. *See, e.g., United States v. Moore*, 919 F.2d 1471, 1473 (10th

Cir.1990) (gun on shelf in bedroom closet and defendant in hallway sufficient evidence of availability); *United States v. Bullock,* 914 F.2d 1413, 1416 (10th Cir. 1990) (gun within a few feet of defendant when he was arrested); *United States v. Curry,* 911 F.2d 72, 78–79 (8th Cir.1990) (gun on floor of unoccupied bedroom); *United States v. Vasquez,* 909 F.2d 235, 239 (7th Cir.1990) (guns in automobile trunk); *United States v. Torres,* 901 F.2d 205, 217 (2d Cir.1990) (gun under mattress); *United States v. Evans,* 888 F.2d 891, 896 (D.C.Cir.1989) (guns found with drug stash in defendant's apartment after his arrest for selling drugs on the street), *cert. denied,* —— U.S. ——, 110 S.Ct. 1325, 108 L.Ed.2d 500 (1990); *United States v. Boyd,* 885 F.2d 246, 249 (5th Cir.1989) (gun in warehouse office near drug-making activity); *United States v. Poole,* 878 F.2d 1389, 1393–94 (11th Cir.1989) (guns in laundry room adjacent to kitchen and dining room where drugs and paraphernalia were located); *United States v. Stewart,* 779 F.2d 538, 539 (9th Cir.1985) (UZI rifle in trunk of car and defendant outside house), *cert. denied,* 484 U.S. 867, 108 S.Ct. 192, 98 L.Ed.2d 144 (1987). *But see United States v. Theodoropoulos,* 866 F.2d 587, 597 (3d Cir.1989) (weapons in trash can on porch insufficient evidence of use because "mere availability of a firearm nearby, as distinguished from its open display, is [not] equal to use 'in relation' to an offense").

Here, the "ready access" element is satisfied because the loaded .45 caliber pistol was on the closet shelf right above Parrish. It clearly was within his reach while Efron and Snell were engaged in an attempted narcotics transaction on his behalf with Sayes. Moreover, the fact Parrish's name was scratched on the magazine of the pistol in combination with the location of the pistol makes it obvious the pistol was available for Parrish's use. We conclude Parrish had ready access to the firearm because it was available to him and in his vicinity during the attempted drug transaction.

The second element of the *McKinnell* test requires a nexus between the readily accessible firearm and the drug trafficking offense. Firearms are used by narcotics dealers to protect themselves, their drugs, and their money. In this way guns facilitate the illegal drug activities. *See, e.g., United States v. Williams,* 923 F.2d 1397, 1403 (10th Cir.1990); *United States v. Drew,* 894 F.2d 965, 968 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 1830, 108 L.Ed.2d 959 (1990); *United States v. LaGuardia,* 774 F.2d 317, 319 (8th Cir.1985).[2] As the Eighth Circuit has pointed out, the "mere presence and ready availability at a house where drugs are dealt" is sufficient to establish use of a firearm under section 924(c). *LaGuardia,* 774 F.2d at 319. The cases interpreting the requirements of section 924(c) evidence a presumption of a nexus between the firearm and offense when an individual with ready access to the firearm is involved in a drug trafficking offense. *See, e.g., United States v. Curry,* 911 F.2d 72, 79 (8th Cir.1990); *Evans,* 888 F.2d at 896; *Poole,* 878 F.2d at 1393. However, a defendant charged with a drug trafficking offense may overcome this presumption by presenting some evidence suggesting the firearm was present for a reason other than facilitating the drug operation. *See, e.g., United States v. Sullivan,* 919 F.2d 1403, 1430–32 (10th Cir.1990) (defendant presented evidence indicating guns were part of someone else's gun collection).

Here, the record shows the pistol was present at the apartment where Parrish and the others were dealing in drugs. The attempted exchange of large sums of illegal narcotics for cash indicates a likely connection between the firearm and this attempted transaction. As we noted above, there also was sufficient evidence of the availability of the pistol to Parrish. To rebut the presumption of a nexus between the firearm and the drug transaction, Parrish presented no evidence suggesting the pistol was present for any purpose other

---

**2.** The defendant in *LaGuardia* was convicted under an earlier version of section 924(c)(1) that prohibited the use of a firearm "to commit any felony." Because the "use" element has remained the same under the current version of the statute, "the *LaGuardia* case retains precedential value." *United States v. Matra,* 841 F.2d 837, 842 n. 8 (8th Cir.1988).

than facilitating the transaction. Parrish does not even allege the pistol belongs to someone else. Because both elements of the *McKinnell* test are satisfied here, we hold there was sufficient evidence to support the defendant's conviction for use of a firearm in violation of section 924(c)(1).

### III. *Denial of Motion for Separate Trials*

 Parrish contends he should have been tried separately from his co-defendants because hearsay statements admitted into evidence against them unfairly prejudiced him. A decision to deny separate trials will not be disturbed on appeal absent an abuse of discretion. *United States v. Eaton*, 485 F.2d 102, 106 (10th Cir.1973). Abuse of discretion is shown when the joinder of defendants causes actual or threatened deprivation of an individual's right to a fair trial. *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir.1979), *cert. denied*, 447 U.S. 905, 100 S.Ct. 2985, 64 L.Ed.2d 854 (1980).

Parrish insists Sayes' statement that Efron told him he could not obtain cocaine from his source was improperly admitted hearsay that prejudiced him. However, the record reveals the trial judge determined the statement was not hearsay because it was not offered for the truth of the matter asserted. We agree. Moreover, at the court's instruction, the government was careful to make no reference to Parrish when introducing this evidence. We cannot conclude the admission of the statement without reference to Parrish deprived him of a fair trial.

 Parrish also argues that the admission of Todd Cronin's statement that Efron had told him his drug supplier was upstairs asleep deprived him of a fair trial. In admitting this statement, the court advised the jury it was admissible only against Efron and should not be considered in rendering a verdict against Parrish. This limiting instruction was sufficient to protect Parrish from any impermissible prejudice. Because neither statement deprived Parrish of a fair trial, we hold the district court did not abuse its discretion by not granting separate trials.

### IV. *Refusal to Instruct the Jury Regarding Mandatory Minimum Sentences*

 Parrish contends the district court should have instructed the jury about the mandatory minimum sentences for his offenses. We disagree. Unless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties. *See United States v. Greer*, 620 F.2d 1383, 1384–85 (10th Cir.1980). We hold a jury instruction about mandatory minimum sentences was properly omitted because the offenses do not specifically require jury participation in sentencing. We AFFIRM the defendant's conviction for attempted possession of cocaine with intent to distribute, using a firearm in connection with a drug trafficking offense, and possessing cocaine with intent to distribute.