936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence Lee TURNER, Defendant-Appellant.
 No. 90-6277.
 United States Court of Appeals, Tenth Circuit.
 June 19, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this direct criminal appeal, defendant argues that the prosecution of this action in federal court violates his due process rights because the underlying investigation was carried out by state authorities. He cites United States v. Williams, 746 F.Supp. 1076 (D.Utah 1990), and United States v. Roberts, 726 F.Supp. 1359 (D.D.C.1989), in support of this claim. Both of these cases are on appeal raising this issue. We need not address the merits of defendant's claim, however, because he did not raise this issue in the trial court, and we are satisfied that whatever the outcome of the cited cases on appeal, the claimed error does not amount to plain error "requiring action by the appellate court even though not called to the attention of the trial court." United States v. Shelton, 736 F.2d 1397, 1406 (10th Cir.), cert. denied, 469 U.S. 857 (1984).
 
 
 3
 Defendant also challenges the sufficiency of the evidence to support Count II of the indictment (possession with intent to distribute). The evidence, both direct and circumstantial, is sufficient to support the jury finding of guilt beyond a reasonable doubt. While there is no evidence that defendant actually had the cocaine on his person, the evidence fully supports both constructive possession and intent to distribute. See United States v. Culpepper, 834 F.2d 879, 881 (10th Cir.1987) (individual has constructive possession of drug when he "knowingly hold[s] the power and ability to exercise dominion and control over it"); United States v. Parrish, 925 F.2d 1293, 1297 (10th Cir.1991) (defendant's possession of a large quantity of drug can serve as sufficient evidence of intent to distribute).
 
 
 4
 Count II arose out of an undercover sale of a kilo of cocaine. This kilo was part of several kilos that police had put on the market through a confidential informant. Eventually, telephone conversations in code were held with the defendant concerning the price and quantity of cocaine to be sold. Thereafter, defendant was observed following the "middle man" or "front man" into the parking lot of the motel where the sale was consummated. There was testimony that the defendant was keeping counter-surveillance while his representative completed the purchase and that the defendant's representative stated at the time of arrest that the defendant supplied the money for the transaction. This evidence, along with other evidence, is more than enough to sustain defendant's conviction of count II.
 
 
 5
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3