968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald MADRID, Defendant-Appellant.
 No. 91-4147.
 United States Court of Appeals, Tenth Circuit.
 June 3, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Donald Madrid appeals his conviction for using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (1988). Mr. Madrid was also found guilty of three other drug-related crimes. He appeals only the section 924(c) conviction, arguing that the trial judge's invocation of an allegedly unconstitutional presumption rendered his conviction impermissible. After carefully reviewing the transcript of the trial and the applicable case law, we disagree and affirm the conviction in all respects.
 
 
 3
 All of the relevant events took place in the winter of 1991. On two occasions, Agent Rosemary Hanna of the Utah Department of Investigation purchased marijuana from Mr. Madrid at his apartment. On each of these occasions, Mr. Madrid produced it from the bedroom. On the first occasion, Mr. Madrid retrieved the marijuana by standing on his bed and removing a ceiling tile. On the second occasion, he retrieved it from underneath his bed.
 
 
 4
 Subsequently, Chad Keller, an officer with the Metropolitan Narcotics Task Force of the Salt Lake Sheriff's office, obtained a "no-knock" warrant to search Mr. Madrid's apartment. After the police officers broke down the door of the apartment, one of them observed Mr. Madrid run toward his bedroom. Mr. Madrid was pushed to his bed, where he was handcuffed. The search that followed yielded several bags of marijuana in the bedroom, as well as a loaded .357 revolver and a .22 rifle.
 
 
 5
 At the close of the government's case, Mr. Madrid moved for a judgment of acquittal based on the insufficiency of the evidence to support a section 924(c) conviction. Specifically, Mr. Madrid argued that the government had introduced no evidence that would support a finding that the firearms were an integral part of the underlying drug trafficking offense. Rec., vol. II, at 90. The district court denied the motion, ruling that the proximity between the defendant, the loaded gun, and the drugs was sufficient to allow the case to go to the jury. The court apparently relied on United States v. Parrish, 925 F.2d 1293, 1298 (10th Cir.1991), when it noted that "there is a presumption of a nexus between the drugs and the gun, the loaded gun which, in the judgment of the court, is sufficient to allow this question to be submitted to the jury." Rec., vol. II, at 94. Mr. Madrid argues that this comment, which was not part of the jury instructions on section 924(c),[1] amounted to the imposition of an unconstitutional burden-shifting presumption against him mandating reversal.
 
 
 6
 This argument strikes us as an effort to constitutionalize a sufficiency challenge. Mr. Madrid does not argue that constitutional error infected his trial. He does not argue that the jury instructions allowed the jury to apply an unconstitutional presumption. Instead, Mr. Madrid argues that the evidence on the section 924(c) count was insufficient to support a conviction, because the government proved no more than mere possession of the firearms. Brief of Appellant at 7. He contends specifically only that the government failed to prove that he "use[d]" the firearm within the meaning of section 924(c).[2] It is this question we consider and resolve in favor of the government.
 
 
 7
 The evidence is sufficient to support a conviction if a reasonable jury could find the defendant guilty beyond a reasonable doubt. In reviewing the evidence, we evaluate it in the light most favorable to the government and make all reasonable inferences and credibility choices in favor of the jury's conclusion. Parrish, 925 F.2d at 1296.
 
 
 8
 In this case, the evidence central to the 924(c) conviction was the proximity between the loaded firearms and the drugs. In addition, when the police entered the apartment, Mr. Madrid took several steps toward the bedroom, where the guns were found. In United States v. Moore, 919 F.2d 1471, 1475 (10th Cir.1990), evidence of proximity was sufficient to allow the jury to infer that the presence of the gun "emboldened" the defendant, providing protection for himself and his operation. In this case, the evidence was sufficient to allow the jury to reach the same conclusion.
 
 
 9
 In order to fulfill the "use" element of section 924(c), the government must prove only that the firearm: (1) is readily accessible; (2) forms an integral part of the defendant's criminal undertaking, and (3) increases the likelihood of success for that undertaking. United States v. McKinnell, 888 F.2d 669, 675 (10th Cir.1989). In this case, proximity resolves the first part of the test, and the need for protection of the enterprise satisfies both the second and third. See Parrish, 925 F.2d at 1298. This test does not require the government to prove that Mr. Madrid "fired, brandished, or even displayed the [firearm] during the drug trafficking offense." Moore, 919 F.2d at 1475. Here, Mr. Madrid's entire argument rests on the government's failure to make such a showing. Thus, while Mr. Madrid is correct that "section 924(c) requires more than mere access to a firearm," United States v. Matthews, 942 F.2d 779, 783 (10th Cir.1991), the evidence presented by the government is sufficient to support the jury's verdict.
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Madrid thus cannot argue that the jury was allowed to presume use from proximity. He can only argue that the evidence was insufficient to support the guilty verdict
 
 
 [2]
 18 U.S.C. § 924(c)(1) provides: "Whoever, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided ... be sentenced to imprisonment for five years."