968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin David MARTINEZ, Defendant-Appellant.
 No. 91-4087.
 United States Court of Appeals, Tenth Circuit.
 July 8, 1992.
 
 1
 Before LOGAN and HOLLOWAY, Circuit Judges, and CONWAY, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 CONWAY, District Judge.
 
 
 4
 Defendant Benjamin Martinez claims on appeal that the Government presented insufficient evidence at trial to support his conviction for using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). We affirm.
 
 
 5
 During the investigation of another drug trafficker, Salt Lake City Police detectives learned that the defendant was involved in the sale of marijuana. Tr. II, 11. The detectives obtained a search warrant for Mr. Martinez's residence and executed it on September 19, 1990. Tr. II, 10. During that search Police found a large sum of money in a nightstand and a .22 caliber Luger semiautomatic pistol and marijuana in a bedroom closet. Tr. II, 21 and 25.
 
 
 6
 The grand jury issued a two-count indictment against the defendant. Count One charged the defendant with possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Count Two of the indictment charged Martinez with carrying or using a firearm during drug trafficking. Martinez pled guilty to the charge of possession of a controlled substance with the intent to distribute, and this plea formed the predicate offense for the conviction of using or carrying a firearm during a drug trafficking crime. The defendant then waived his right to a jury trial. The trial court found Martinez guilty on the firearm charge which carries a mandatory five-year imprisonment penalty. See 18 U.S.C. § 924(c)(1).
 
 
 7
 The defendant contends that the evidence was insufficient to support the conclusion that he "used" or "carried" a firearm in connection with his drug trafficking activities. Evidence is sufficient if a reasonable jury could find the defendant guilty beyond a reasonable doubt. U.S. v. Levario, 877 F.2d 1483, 1485 (10th Cir.1989). The reviewing court must evaluate the evidence in the light most favorable to the government. U.S. v. Alonso, 790 F.2d 1489, 1492 (10th Cir.1986). All reasonable inferences and credibility choices are made in favor of the verdict. U.S. v. Massey, 687 F.2d 1348, 1354 (10th Cir.1982).
 
 
 8
 The trial court received evidence that upon entering Martinez's residence, detectives found two boxes of sandwich bags, a triple beam scale, and some marijuana in a front bedroom. Tr. II, 13-15. The defendant admittedly weighed out the marijuana and sold drugs from this bedroom. Tr. II, 102.
 
 
 9
 The defendant was arrested, however, in a back bedroom located on the second floor of the residence. This 12' 2a 12' bedroom contained a sliding door rectangular closet approximately 7' 2a 3'. Tr. II, 20, 26, 34 & 36. On the upper shelf of the closet, detectives found a box containing ten one-ounce bags of marijuana. Tr. II, 20. The unloaded pistol was discovered in an inside pocket of a Levi jacket hanging in the closet. Tr. II, 25. A clip holding eight rounds of ammunition was located in the other inside pocket of the jacket. Tr. II, 25. The marijuana-filled box and the Levi jacket were on opposite sides of the closet about five feet apart. Tr. II, 35.
 
 
 10
 In a nightstand drawer, detectives discovered $4269. Most of the currency was in $100 bills and constituted earnings derived from the sale of marijuana. Tr. II, 34, 99-100. Only twelve feet separated the nightstand from the pistol. Tr. II, 42. At the time of arrest, the defendant was positioned seven feet from the money, five feet from the pistol and seven feet from the marijuana. Tr. II, 43.
 
 
 11
 The government sought to prove that the defendant "used" rather than "carried" a firearm during drug trafficking. A defendant "uses" a firearm within the meaning of 18 U.S.C. § 924(c)(1) when: (1) he has "ready access" to the firearm, and (2) the firearm was integral to the drug trafficking and its availability increased the likelihood that the undertaking would succeed. U.S. v. McKinnell, 888 F.2d 669, 675 (10th Cir.1989).
 
 
 12
 Evidence of the first element, "ready access", must demonstrate that the firearm was available to the defendant in the vicinity where the drug trafficking occurred. U.S. v. Parrish, 925 F.2d 1293, 1298 (10th Cir.1991). The defendant concedes that this element may have been satisfied and that the unloaded condition of the gun does not preclude a finding of availability. Appellant's Brief at 8. Clearly the Court could find beyond a reasonable doubt that the defendant had "ready access" to the firearm.
 
 
 13
 The second element of "use" requires the government to show a nexus between the firearm and drug trafficking. Id. at 1297. Firearms are "used" to facilitate illegal drug activities when they are available to protect the dealers, their products and their proceeds. See U.S. v. Moore, 919 F.2d 1471, 1475 (10th Cir.1990). Moreover, the simple availability of a firearm may bolster the confidence of a drug dealer into entering transactions he would otherwise be reluctant to undertake. See id. Even in the absence of "firing, brandishing or displaying" the firearm, "use" of the firearm may be established by circumstantial evidence. U.S. v. Ross, 920 F.2d 1530, 1536 (10th Cir.1990). Because the defendant concedes he had been dealing marijuana for a year prior to his arrest, the sole issue is whether the evidence demonstrated an adequate connection between the gun and the marijuana dealing.
 
 
 14
 The Parrish court established the presumption of a nexus between a firearm and drug trafficking when the government demonstrates "ready access" to a firearm by an individual dealing drugs. See Parrish, 925 F.2d at 1298. Unlike the defendant in Parrish, however, Martinez testified that he never used the firearm during any drug transaction. Tr. II, 94. He also offered testimony that the gun was purchased for target shooting and had been used for recreation. Tr. II, 63. Martinez asserts that once he produced evidence of an alternative use for the firearm, the Parrish presumption dissipated and no longer supports the nexus finding by the trial court.
 
 
 15
 We need not consider the continuing viability of the presumption once the Defendant presented evidence of a "recreational" purpose for the gun because sufficient independent evidence supports a nexus finding. The government produced evidence impeaching Defendant's proffered explanation for the firearm's presence in the closet. The trial court was not obligated to accept defendant's testimony or evidence as to the gun's function in whole or part. Moreover, the trial court could find that the gun was available for more than one purpose. A "recreational" function for the firearm did not preclude a finding that the gun served a secondary "business-related" purpose.
 
 
 16
 As stated above, the evidence must be evaluated in the light most favorable to the government, making all inferences and resolving all credibility questions in favor of the verdict. Although the gun was found unloaded, the gun and ammunition were stored in two different pockets of the same jacket. The defendant stored his firearm and it's ammunition in a manner which would allow the firearm to be easily obtained, loaded and fired. The defendant contended that his son was having problems with local gangs and that the gun served as protection. Tr. II, 63. He stated that he only sold drugs to his friends and was unafraid of his customers. Yet, Martinez further testified that in an effort to protect his family from his drug trafficking activities, he conducted his drug business in the front of the house. Tr. II, 103-104.
 
 
 17
 The relatively small quantity of ammunition and manner in which the gun was stored may be considered more consistent with protective rather than recreational use. The close proximity of the weapon to the Defendant's "stash" of drugs and money also supports an inference of that the defendant saw the gun as a means to protect his illegal enterprise. When viewed in the light most favorable to the government, sufficient evidence supports the verdict of guilty on the firearm charge.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable John E. Conway, United States District Judge, District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3