7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar Luis CHACON, Defendant-Appellant.
 No. 92-2212.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 14, 1993.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, FEINBERG,[2] and ANDERSON, Circuit Judges.
 
 
 1
 Oscar Chacon was convicted of conspiracy to possess with intent to distribute more than five kilograms of cocaine, and aiding and abetting in violation of 21 U.S.C. 841(a)(1), 841(b)(1)(A), and 18 U.S.C. 2. Mr. Chacon appeals his conviction, asserting he was tried in violation of the Speedy Trial Act, 18 U.S.C. 3161 (the Act), and that there was insufficient evidence to sustain the conviction. Having reviewed the record and the briefs, we affirm.
 
 
 2
 On January 14, 1992, Raul Martinez was driving a trailer on Interstate 10 near Las Cruces, New Mexico, when Border Patrol agents stopped him for questioning. The agents obtained his permission to search the trailer and found approximately 2,836 pounds of cocaine hidden behind a load of wooden pallets. Mr. Martinez admitted to the agents he had agreed to drive the cocaine from a warehouse in El Paso, Texas, to Whittier, California.
 
 
 3
 Later, Drug Enforcement Administration agents went to the El Paso warehouse and applied for a warrant to search its premises. While waiting for the warrant, the agents observed Mr. Chacon arrive. He explained that he had been hired to do maintenance work. After obtaining the search warrant, the agents searched the warehouse, finding wooden pallets, a Dodge Dynasty with cocaine residue in the trunk, wooden crates containing marijuana residue, scales, a U-Haul box, duct tape and some leather. Subsequently, the government charged Mr. Chacon with conspiracy to distribute more than five kilograms of cocaine. A jury found Mr. Chacon guilty of the conspiracy charges, and he was sentenced to life imprisonment.[3]
 
 
 4
 Mr. Chacon first argues the trial court erred in refusing to dismiss the action pursuant to the Speedy Trial Act, 18 U.S.C. 3161. Particularly, the defendant contends the trial court erroneously granted a continuance under 3161(h)(8)(A), and thus he was tried without the seventy-day term proscribed by statute.[4] The defendant does not assert that the delay between his arraignment and trial date violated his Sixth Amendment rights. Therefore, the only issue presented for our review is whether Mr. Chacon was properly tried under 18 U.S.C. 3161.
 
 
 5
 We review a district court's denial of a motion to dismiss under the Act for an abuse of discretion. United States v. McKinnell, 888 F.2d 669, 675 (10th Cir.1989). The Act mandates that a defendant's trial begin within seventy days from the filing date of an indictment or from the date of the defendant's arraignment, whichever date is later. 18 U.S.C. 3161(c)(1). As explained by the corresponding case law, the Act provides the period between the filing of a pretrial motion and its disposition is excludable time, regardless of whether the delay was reasonably necessary. Henderson v. United States, 476 U.S. 321 (1986); United States v. Willie, 941 F.2d 1384, 1388 (10th Cir.1991), cert. denied, 112 S.Ct. 1200 (1992); 18 U.S.C. 3161(h)(1)(F).
 
 
 6
 Contrary to defendant's argument, we conclude Mr. Chacon's trial commenced within the time limitations set forth under the Act. The pretrial motions filed by the parties provided enough excludable time so that, irrespective of the continuance, the defendant was tried within the mandatory seventy-day period.
 
 
 7
 Mr. Chacon was arraigned on January 30, 1992. His trial commenced on July 6, 1992. Both the government and Mr. Chacon filed numerous pretrial motions.[5] The critical pleadings were defendant's motion for extension of time filed on February 11, 1992, and granted on February 12, 1992; defendant's amended motion for extension of time filed February 14, 1992, and granted March 4, 1992; defendant's motion to suppress filed February 21, 1992, and withdrawn May 11, 1992; and defendant's motion to reconsider detention filed May 15, 1992, and denied May 27, 1992. According to our calculations, the filing of these pretrial motions resulted in 100 excludable days.[6] There were 158 days between the defendant's arraignment on January 30, 1992, and the commencement of trial on July 6, 1992. Therefore, Mr. Chacon was tried on the fifty-eighth day after his arraignment, well within the seventy-day time limit.
 
 
 8
 The defendant next contends the evidence presented at trial was insufficient to sustain his conviction. In reviewing the sufficiency of the evidence, we examine it in the light most favorable to the government to determine whether the evidence, both direct and circumstantial, together with all the reasonable inferences, is sufficient to establish guilt beyond a reasonable doubt. United States v. Anderson, 981 F.2d 1560, 1563 (10th Cir.1992). All reasonable inferences and credibility choices are made in favor of the jury's conclusions. United States v. Parrish, 925 F.2d 1293, 1296 (10th Cir.1991).
 
 
 9
 The elements of the crime of conspiracy are: (1) an agreement by two or more people to violate the law; (2) the defendant knew the essential objectives of the conspiracy; (3) the defendant knowingly and voluntarily participated in the conspiracy; and (4) the conspirators were interdependent. United States v. Evans, 970 F.2d 663, 668 (10th Cir.1992), cert. denied, 113 S.Ct. 1288 (1993). In conspiracy cases brought under 21 U.S.C. 846, the government must demonstrate that two or more persons agreed to commit an offense under the Controlled Substances Act. United States v. Espinosa, 771 F.2d 1382, 1391 (10th Cir.), cert. denied, 474 U.S. 1023 (1985). Mr. Chacon argues the evidence fails to establish either: (1) he knew that the conspiracy's objective was the large scale distribution of cocaine, or (2) he agreed to cooperate in achieving this purpose. We disagree with the defendant and hold the evidence sufficient to support his conviction.
 
 
 10
 During the trial, the government offered evidence that Mr. Chacon had rented the warehouse which later proved to be the storage and loading site for the cocaine. Government witnesses testified that he had secured the warehouse to safeguard the cocaine until it could be moved to another location, and that they had observed Mr. Chacon, along with other members of the conspiracy, looking into an open trunk which contained cocaine. The government presented physical evidence that Mr. Chacon had received a large number of wooden pallets, and there was testimony he was involved in a discussion which concerned storing the cocaine behind the pallets.
 
 
 11
 From the evidence presented at trial, a jury could infer there was an agreement to distribute cocaine; knowing of this objective, Mr. Chacon rented the warehouse in order to store the cocaine before its shipment to California; and his actions furthered the goals of the conspiracy. Viewing the evidence in the light most favorable to the government, we find there is sufficient evidence to sustain the jury's verdict.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3
 
 
 [2]
 The Honorable Wilfred Feinberg, Senior Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 [3]
 Mr. Martinez, Mr. Chacon's codefendant, pled guilty and was sentenced to sixty months' incarceration
 
 
 [4]
 The defendant argues that the trial court failed to consider the factors articulated by 18 U.S.C. 3161(h)(8)(B). We make no judgment of the adequacy of the trial court's findings, but caution that a perfunctory recitation that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial, without further analysis under 3161(h)(8)(B), would not suffice
 
 
 [5]
 On January 31, 1992, the government filed a motion for detention hearing. On February 11, 1992, there was a motion for extension of time in which to file pretrial motions. An order granting time to file pretrial motions was entered on February 12, 1992. Additional motions for review of the detention order, extension of time for pretrial motions, and to reopen detention hearing were filed on February 14, 1992. A motion for substitution of counsel was filed on February 20, 1992. A motion to suppress was filed on February 21, 1992. On February 25, 1992, the trial court granted the motion for substitution of counsel. On March 4, 1992, the court granted the defendant's extended motion for extension of time to file pretrial motions until March 23, 1992. On March 4, 1992, the defendant also filed a motion to vacate the trial setting. On March 5, 1992, the government filed a motion for extension of time within which to file a response to defendant's motion to suppress. On March 6, 1992, the court granted the defendant's motion to vacate trial setting, and the government's motion for extension of time. An order granting the defendant's motion to withdraw his suppression motion was issued on May 11, 1992. On May 15, 1992, the defendant moved for bail reconsideration. This motion was denied on May 27, 1992
 
 
 [6]
 We note that even if the court did not exclude the time during defendant's motion to reconsider detention, filed after the continuance was granted by the trial court, the trial would have commenced within seventy days