9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gary J. PHILLIPS, Defendant-Appellant.
 No. 93-5083.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.
 
 
 2
 Mr. Phillips was convicted of three drug related counts and two firearms counts in two separate jury trials.[2]
 
 
 3
 Mr. Phillips appeals these convictions asserting (1) his Motion to Suppress Evidence should have been granted; (2) insufficient evidence existed to support two of the five convictions; (3) hearsay evidence was inadmissible; and (4) evidence of other crimes was inadmissible. We find no error and affirm.
 
 
 4
 The underlying theory of the Government's case was that Mr. Phillips and Mr. Bullard were jointly engaged in the business of selling crack and utilizing firearms in the process. Consequently, Mr. Phillips was charged with entering a conspiracy with Mr. Bullard to distribute crack, possessing crack with intent to distribute, and possessing a firearm during the commission of their drug offenses. The jury convicted Mr. Phillips of these three offenses during the first trial.
 
 
 5
 In the second trial, Mr. Phillips was convicted of the offense of possessing crack with intent to distribute (at a different time) and of possessing a different firearm during the commission of this offense.
 
 
 6
 * The Motion to Suppress
 
 
 7
 Some of the evidence offered by the Government against Mr. Phillips was obtained when the police stopped a car owned and driven by Mr. Bullard with Mr. Phillips as a passenger. During this stop, crack cocaine and a .22 caliber pistol were found on Mr. Phillips. This is the evidence Mr. Phillips asserts should have been suppressed arguing that the initial warrantless stop of the vehicle was pretextual.
 
 
 8
 When we review the denial of a motion to suppress, we must accept the trial court's findings of fact unless they were clearly erroneous. United States v. Horn, 970 F.2d 728, 730 (10th Cir.1992). We must construe the facts in the light most favorable to the prevailing party, which in the case before us is the Government. United States v. Henning, 906 F.2d 1392, 1395 (10th Cir.1990), cert. denied, 498 U.S. 1069 (1991).
 
 
 9
 Assuming, arguendo, that Mr. Phillips has standing to object to this stop, the record on appeal shows the police officer observed Mr. Bullard failing to signal a turn, which was a violation of municipal ordinance and state law. The trial court's finding was supported by the evidence and is not clearly erroneous.
 
 
 10
 Mr. Phillips next contends he, as the passenger, should not have been asked to step out of the vehicle by the police officer. The police officer testified he saw Mr. Phillips make furtive movements and consequently the officer asked Mr. Phillips to step out of the vehicle and the officer conducted a "pat down" search, for his own safety. Under these circumstances the police officer's actions were proper. See United States v. Cotton, 751 F.2d 1146 (10th Cir.1985).
 
 
 11
 Mr. Phillips was then placed under arrest for a firearms violation. Mr. Phillips was searched, and cash and a pager were found.
 
 
 12
 The trial court's denial of the motion to suppress was proper and supported by the evidence.
 
 II
 Sufficiency of the Evidence
 
 13
 Mr. Phillips first asserts the evidence was insufficient to support the conspiracy conviction obtained at his first trial. Mr. Phillips argues that the evidence is only capable of evidencing "some general, open-ended discussions ... and a happenstance meeting which subsequently led to [the witnesses] watching Appellant sell a few rocks of cocaine, but no conspiracy existed."
 
 
 14
 Mr. Phillips was charged with a conspiracy to possess a controlled substance with the intent to distribute. To prove the existence of such a conspiracy, the Government must establish "(1) a conspiracy existed, (2) [Mr. Phillips] knew the essential objectives of the conspiracy, and (3) [Mr. Phillips] knowingly and voluntarily became a part of [the conspiracy].' " United States v. Perez, 959 F.2d 164, 168 (10th Cir.1992), aff'd. in part & vacated in part on other grounds, 989 F.2d 1574 (10th Cir.1993).
 
 
 15
 The evidence before the jury unmistakably shows the existence of all elements necessary to prove the conspiracy. One prosecution witness, Mr. McFrazier, testified that he met with Mr. Phillips and Mr. Bullard, and that Mr. Phillips, in the presence of Mr. Bullard, told him they were about to go and sell drugs. Mr. McFrazier added that Mr. Bullard drove the three to a residence under the direction of Mr. Phillips; on the way to the residence, they discussed selling drugs. Mr. Phillips brought a gun and some drugs with him on this trip. Mr. McFrazier explained that after they arrived at the residence, both Mr. Phillips and Mr. Bullard had guns and sat together while Mr. Phillips sold the drugs. When this drug sale was complete, the three of them left, had dinner, and then began a search for other potential drug buyers. This evidence alone is sufficient to enable a jury to find all three elements of this conspiracy.
 
 
 16
 Mr. Phillips next contends the evidence at the second trial was insufficient to support the firearm conviction. Mr. Phillips argues the evidence shows only that the firearm was incidental to the drug violation and not in relation to the drug violation.
 
 
 17
 18 U.S.C.A. 924(c)(1) (1993) criminalizes the act of using a firearm "during and in relation to" a drug trafficking crime. Case law establishes the criteria for determining if the "use" element is satisfied. Sufficient evidence exists if "(1) the defendant has ready access' to the firearm, and (2) the firearm was an integral part of [the] criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed.' " See United States v. Parrish, 925 F.2d 1293, 1297 (10th Cir.1991) (citations omitted).
 
 
 18
 The record on appeal reveals two police officers going into a small bedroom where Mr. Phillips was seated cutting up cocaine. Mr. Phillips had cocaine, a pager, cash, and a small silver handgun which was loaded, locked back, and ready to fire. When Mr. Phillips noticed the officers, he tossed the tray containing the cocaine and the gun, which was on the armrest of his chair, underneath the bed. No one else was sitting within arm's length of Mr. Phillips or the firearm. This evidence is sufficient to support the firearm conviction.
 
 III
 Hearsay Evidence
 
 19
 Mr. Phillips contends hearsay statements were erroneously admitted thereby violating his constitutional right to confront the witness.
 
 
 20
 Mr. McFrazier was a key prosecution witness during the first trial. During cross-examination, defense counsel attempted to impeach Mr. McFrazier by means of pointing out what they alleged to be prior inconsistent statements given by Mr. McFrazier in two prior handwritten affidavits that were not in evidence. The trial court, sua sponte, then stated:
 
 
 21
 Here is what I'm going to do. I'm going to allow into evidence these statements themselves. The jury has heard the testimony in open court, the witness has been examined in regard to the[se] statements and I will admit the statements so that the jury can make a comparison because the issue of credibility has been raised, and I'll allow the jury to review those.
 
 
 22
 No objection was made by either defendant, and defense counsel continued to examine Mr. McFrazier regarding these prior handwritten statements. After examining this witness, defense counsel objected to the admission of these documents by stating, "I'm not aware ... of any authority allowing the Court to offer exhibits for jury consideration.... I think it's prejudicial." The trial court responded by stating defense counsel had spent a lengthy time cross-examining the witness concerning the purported conflicts in the statements and announced "the jury is entitled ... to compare the alleged discrepancies in the statements and the in-court testimony in evaluating the credibility ... because this case is going to largely turn on the credibility of that witness." Defense counsel then objected on the basis of hearsay.
 
 
 23
 Mr. Phillips's hearsay and confrontation clause objections to the witness's prior written statements lack merit. Hearsay is defined as a statement, other than one made by the declarant while testifying, offered in evidence to prove the truth of the matter asserted. The trial court admitted the exhibits solely to allow the jury to determine whether the prior statements of the witness were inconsistent with his courtroom testimony. Fed.R.Evid. 801. When defense counsel first raised the prior statements and questioned the witness at length about the witness's prior statement, the trial court had the discretion to admit the statement. No abuse of that discretion has been shown. Fed.R.Evid. 614. The use of the prior written statements of the witness during cross-examination did not violate Mr. Phillips's right to confront and cross-examine the witness.
 
 IV
 Evidence of Other Crimes
 
 24
 At the second trial, a police officer gave testimony concerning Mr. Phillips's convictions at his first trial. The Government filed its pretrial notice to offer this evidence to show intent, knowledge, motive and absence of mistake or evidence. The trial court admitted this evidence and gave a limiting instruction on the use of this evidence.
 
 
 25
 Mr. Phillips asserts this was error arguing "the proper purpose and relevanc[e of this evidence] was not precisely explained so that the focus could have been narrowed further."
 
 
 26
 We read Mr. Phillips' brief as an objection to the admissibility of the evidence and as an objection to the limiting instructions given by the trial court. We find no merit in either contention.
 
 
 27
 We review a trial court's admission of Rule 404(b) evidence under the abuse of discretion standard.
 
 
 28
 The evidence of the past crimes introduced at the second trial involved the same defendant, the same drug, the same modus operandi, the same use of a firearm, and very nearly the same time. While Mr. Phillips conceded in opening argument there was no issue as to his possession of controlled substances with intent to distribute, he adamantly maintained and asserted that he did not use a firearm during and in relation to a drug trafficking crime. This position placed all elements of both crimes at issue and caused the prosecution to carry the burden of proof to show Mr. Phillips committed both crimes beyond a reasonable doubt. The challenged evidence was probative of Mr. Phillips's knowledge and intent. The evidence was nearly identical in both time and method. Mr. Phillips has made no claim of unfair prejudice. The trial court did not abuse its discretion in admitting this evidence. See Huddleston v. United States, 485 U.S. 681 (1988).
 
 
 29
 The matter of the trial court's oral and written instructions to the jury concerning its use of the challenged evidence warrants little discussion. Mr. Phillips has failed to bring to our attention the precise instruction given to the jury and any instruction he may have offered. The objection raised in the brief to this court, which we earlier quoted in its entirety, fails to persuade us of any error.
 
 
 30
 The judgment and sentence is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Mr. Phillips was first tried jointly with Mr. Elijah Bullard, a codefendant, on three counts. Mr. Phillips was then tried separately by a different jury resulting in two convictions. This separation resulted from a Motion for Severance filed by Mr. Bullard and granted by the trial court