# UNITED STATES COURT OF APPEALS
## Tenth Circuit
## Byron White United States Courthouse
## 1823 Stout Street
## Denver, Colorado 80294
## (303) 844-3157

Patrick J.  Fisher, Jr.                                          Elisabeth A. Shumaker
    Clerk                                                      Chief Deputy Clerk

November 30, 1998


**TO:**  ALL RECIPIENTS OF THE ORDER AND JUDGEMENT

**RE:**  97-4178, *United States v. Moore*
      Filed on November 25, 1998


     The order and judgment filed on November 25, 1998, contains a typographical error.  On page one, in the section listing the panel of judges, the name of Judge Wade Brorby was misspelled as "Broby".  The correct spelling is "Brorby".

Please make the correction to your copy of the order and judgment.

                      Sincerely,
                      Patrick Fisher, Clerk of Court


                      By:   Keith Nelson
                           Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 25 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LONNY LEE MOORE,

      Defendant - Appellant.

No. 97-4178

(D.C. No. 96-CR-24-S)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Defendant and his co-defendant, Mr. Donny Jace Hennefer, were arrested in connection with the robbery of a convenience store in Ogden, Utah. Following the robbery, a blue or grey El Camino[1] was seen leaving the convenience store. The El Camino was located in a nearby snow bank shortly after it was seen departing the scene of the robbery. When a police officer arrived at the site of the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]During the trial in this matter, the color of the El Camino seen leaving the convenience store was described in a variety of ways.

El Camino, he discovered Defendant and another individual attempting to extricate the vehicle from the snow.[2]  Defendant was standing on the driver's side of the vehicle, and the record indicates that he was the driver of the vehicle. After handcuffing Defendant and the other individual, the officer observed a safe behind the driver's seat.  On top of the safe, a revolver was protruding out of a black nylon bag.  The officer also discovered photographs of Defendant and Mr. Hennefer inside of the bag.

Following a jury trial, Defendant was convicted of violating the Hobbs Act, 18 U.S.C. § 1951(a); using or carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1).  In this appeal,[3] Defendant challenges only his conviction under 28 U.S.C. § 924(c)(1), arguing that it was based on insufficient evidence and that the district court's jury instructions improperly stated the governing law.

Our review of challenges based on sufficiency of evidence "is limited to

---

[2]By the time a police officer arrived at the El Camino, Mr. Hennefer had left the scene of the stuck vehicle on foot.

[3]Although Defendant filed his notice of appeal after the expiration of the 10-day period provided for in Rule 4(b) of the Federal Rules of Appellate Procedure, the Government agrees that the delay was due to excusable neglect caused by the withdrawal of Defendant's counsel.  Thus, we have jurisdiction over this appeal and we do not address the timeliness of Defendant's notice of appeal.

inquiring whether the record contains substantial evidence to support the jury's verdict, viewing the evidence in the light most favorable to the prevailing party." Rainbow Travel Serv., Inc. v. Hilton Hotels Corp., 896 F.2d 1233, 1239 (10th Cir. 1990). We agree with the Defendant that, under the standard set forth in United States v. Bailey, 516 U.S. 137 (1995), the evidence does not establish that he *used* a firearm. However, Defendant's section 924(c) conviction is nonetheless valid because the record indicates that the Defendant *carried* a firearm in relation to a crime of violence.[4]

The Supreme Court of the United States recently clarified the standard applicable to the "carry" prong of section 924(c). In Muscarello v. United States, __ U.S. __, 118 U.S. 1911, 1913 (1998), the Court held that the phrase "'carries a firearm'" is not limited to "the carrying of firearms on the person." Instead, the Court determined that the phrase also "applies to a person who knowingly possesses and conveys firearms in a vehicle." Id. The Court sustained the defendants' convictions for carrying. Under this standard, the evidence in the record clearly supports Defendant's conviction under the "carry" prong of section

---

[4]We note that in the indictment Defendant was charged with using and carrying a firearm. However, both section 924(c) and the jury instructions define the crime in the disjunctive, i.e. "using or carrying." "'[A] crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive.'" United States v. Simpson, 94 F.3d 1373, 1378 n.2 (10th Cir.) (quoting United States v. Parrish, 925 F.2d 1293, 1297 (10th Cir. 1991)), cert. denied, __U.S.__, 117 S. Ct. 411 (1996).

924(c). Defendant's weapon was found in a nylon bag behind the seat of the car in which he and Mr. Hennefer attempted to flee the scene of the robbery. In fact, the record indicates that Defendant's gun was even more accessible than the guns in the companion cases examined in Muscarello. See id. at 1914, 1919 (stating that guns were located in locked glove compartment and trunk of cars). We conclude that the evidence was sufficient to show that Defendant carried a firearm in connection with a robbery.

Defendant also contends that the jury instructions pertaining to section 924(c) were erroneous. We review jury instructions de novo "to determine whether, as a whole, [they] correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards." Allen v. Minnstar, Inc., 97 F.3d 1365, 1368 (10th Cir. 1996). According to Defendant, Jury Instruction 42 did not clearly indicate that, to sustain a conviction for carrying, he must have had actual or constructive possession of the firearm. See United States v. Holland, 116 F.3d 1353, 1357 n.2 (10th Cir.) (noting that Bailey does not affect this circuit's pre-Bailey standard for carrying), cert. denied, __ U.S. __, 118 S. Ct. 253 (1997); Simpson, 94 F.3d at 1379.

We find this objection to be without merit. Jury Instruction 42 meets the actual or constructive possession requirement because it clearly states that, to sustain a conviction for carrying, the Defendant must have known of "the

-4-

weapon's presence and had the power and intention to exercise control of the weapon so that it was available for his use in the commission of the crime if the need arose." R., Vol. IV, Doc. 195. Further, the jury instruction on the "carry" prong is consistent with the Supreme Court's decision in Muscarello because it indicates that the possession must have been knowing. See Muscarello, 118 S. Ct. at 1913. We conclude that the district court's instruction to the jury on the carry prong of section 924(c) was not erroneous.

Defendant also seems to argue that Jury Instruction 42 did not properly distinguish between the use prong and the carry prong of section 924(c). The record shows that, with respect to Defendant, the district court instructed the jury only on the carry prong of section 924(c). With respect to Mr. Hennefer, the district court provided instructions on both the carry prong and the use prong. Nonetheless, as we have already concluded, the jury instructions concerning the carry prong were legally sufficient. In addition, the district court properly instructed the jury regarding the use prong with respect to Mr. Hennefer. In accordance with the Bailey standard, the district court instructed the jury that "[i]n order to prove that the defendant used the firearm, the government must prove beyond a reasonable doubt an active employment of the firearm by the defendant during and in relation to the commission of a crime of violence." R., Vol. IV, Doc. 195, Instr. 37; see Bailey, 516 U.S. at 143 ("use" requires

government to proffer "evidence sufficient to show an *active employment* of the firearm by the defendant"). We conclude that these instructions sufficiently distinguished the use prong from the carry prong.

Finally, we note that Defendant has properly objected to a special assessment of $100.00 per count, instead of $50.00 per count, on his three convictions. The incident from which Defendant's convictions stemmed occurred on February 4, 1996. The special assessment provision was amended on April 24, 1996, and therefore is not applicable to Defendant's convictions. See 18 U.S.C. § 3013; United States Sentencing Guidelines § 5E1.3 (special assessment is $50.00 for felonies committed prior to April 24, 1996). Defendant should have been assessed a $50.00 per-count penalty on each of his three counts, for a total of $150.00.

We AFFIRM Defendant's conviction and sentence pursuant to 18 U.S.C. § 924(c). We VACATE the special assessment portion of the sentence and REMAND to the district court for re-sentencing in accordance with this opinion.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.

Entered for the Court


Monroe G. McKay
Circuit Judge