**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Vernon Eugene BAKER, Defendant–**
**Appellant.**

No. 93–8043.

United States Court of Appeals,
Tenth Circuit.

July 7, 1994.

James H. Barrett, Asst. Federal Defender, Cheyenne, WY, for defendant-appellant.

William U. Hill (Richard A. Stacy, U.S. Atty., Cheyenne, WY, with him on the brief), Asst. U.S. Atty., Cheyenne, WY, for plaintiff-appellee.

Before SEYMOUR, Chief Judge, TACHA, Circuit Judge, and VRATIL *, District Judge.

TACHA, Circuit Judge.

This matter comes on for consideration of Mr. Baker's petition for rehearing and suggestion for rehearing en banc. Having considered the matter, we vacate the prior order and judgment, publishing in lieu thereof the following amended opinion as of the date of the order.

## I. Background

In September 1992, special agents executed two separate search warrants for Vernon Eugene Baker's motor home in Rock Springs, Wyoming. The agents discovered several ounces of methamphetamine, a digital scale, plastic baggies, a fully loaded nine millimeter pistol, two pistol holsters and a backpack containing ammunition. Mr. Baker was charged with possession with intent to distribute nine ounces of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A) and carrying and using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). After trial, a jury returned a verdict of guilty on both

counts. Mr. Baker now appeals. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## II. Discussion

### A. Sufficiency of the Evidence

Mr. Baker contends that the evidence was insufficient to support his conviction under 18 U.S.C. § 924(c)(1) for the use of a firearm during and in relation to a drug trafficking offense. In reviewing a criminal conviction, "[w]e review the record only to determine whether both the direct and circumstantial evidence, together with the reasonable inferences that can be drawn from that evidence, when viewed in a light most favorable to the government, would permit a reasonable jury to find the defendant guilty beyond a reasonable doubt." *United States v. Guadalupe*, 979 F.2d 790, 793 (10th Cir. 1992).

Section 924(c)(1) expressly applies to a defendant who "uses or carries" a firearm during and in relation to a drug trafficking crime. A defendant "uses" a firearm for purposes of § 924(c)(1) when: "[1] the defendant has ready access to the firearm and [2] the firearm was an integral part of his criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed." *United States v. McKinnell*, 888 F.2d 669, 675 (10th Cir.1989) (internal quotations omitted).

"The 'ready access' element requires evidence the firearm was available to the defendant in the vicinity where the drug trafficking offense took place." *United States v. Parrish*, 925 F.2d 1293, 1297 (10th Cir.1991). Here, the record reveals that Mr. Baker made at least two methamphetamine sales from his motor home and that the fully loaded nine millimeter pistol was discovered in a cabinet above the driver's seat exactly thirteen feet from the spot where the agents found the methamphetamine, the digital scale and the plastic baggies. Thus, the "ready access" requirement is satisfied. *See id.* at 1297, 1298 (listing several cases in which

* The Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of    Kansas, sitting by designation.

courts have found the "ready access" requirement satisfied, including cases where the gun was less accessible than the gun in Mr. Baker's motor home).

■ The second "integral part" element outlined in *McKinnell* requires a "nexus between the readily accessible firearm and the drug trafficking offense." *Id.* at 1298. "We ... presume a nexus between a firearm and a drug trafficking offense when an individual with ready access to a firearm is involved in such an offense." *United States v. Coslet,* 987 F.2d 1493, 1495 (10th Cir.1993). "A defendant can overcome this presumption by presenting evidence that the weapon was present for a reason other than facilitating the drug transaction."[1] *Id.*

■ Here, Mr. Baker argues that he did not intend to use the nine millimeter pistol during the drug sales because he was completely unaware that it was in the cabinet above the driver's seat. To buttress his claim, Mr. Baker introduced the testimony of his sister and his girlfriend. His sister testified that she found the gun in California and delivered it to Mr. Baker's girlfriend for safekeeping. His girlfriend stated that she was the one who placed the gun in the cabinet and that Mr. Baker was unaware of the gun's existence. The government countered by presenting the testimony of several witnesses which undermined both Mr. Baker's claim of ignorance and the testimony of his sister and girlfriend. The jury convicted Mr. Baker, apparently rejecting his claim of ignorance. "All reasonable inferences and credibility choices must be made in favor of the jury's conclusions." *United States v. Thody,* 978 F.2d 625, 630 (10th Cir.1992); *see also United States v. Vigil,* 743 F.2d 751, 753 (10th Cir.) ("[We are] bound by the rule that resolution of conflicting evidence is exclusively within the discretion of the jury, as the trier of fact, and its verdict must be given added weight when the opportunity to hear and observe the witnesses is considered."),

cert. denied, 469 U.S. 1090, 105 S.Ct. 600, 83 L.Ed.2d 709 (1984). A reasonable jury could have found that the pistol formed an integral part of Mr. Baker's methamphetamine sales and increased Mr. Baker's likelihood of success. We therefore hold that there was sufficient evidence for the jury to convict Mr. Baker for the use of a firearm during and in relation to a drug trafficking offense.

**B. Probable Cause**

■ Mr. Baker also argues that there was insufficient probable cause to support the issuance of the search warrants for the motor home and that the district court therefore erred in denying his motion to suppress. "On appeal from the denial of a motion to suppress, our standard of review is to accept the trial court's findings of fact, unless clearly erroneous, and to consider the evidence in the light most favorable to the government." *United States v. Donnes,* 947 F.2d 1430, 1432 (10th Cir.1991) (internal quotations and citations omitted).

Mr. Baker challenges the warrants by arguing that the issuing judicial officer failed to consider sufficiently the confidential informant's basis of knowledge. "In reviewing the validity of a search warrant, we must determine whether, under the totality of the circumstances presented in the affidavit, the judicial officer had a substantial basis for finding a fair probability that contraband or other evidence of a crime would be found in the place to be searched." *United States v. Hager,* 969 F.2d 883, 887 (10th Cir.) (citing *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)), *cert. denied,* —— U.S. ——, 113 S.Ct. 437, 121 L.Ed.2d 357 (1992). "The judicial officer's initial determination of probable cause to issue a warrant must be afforded great deference on appeal." *Id.* Here, the district court found as follows:

---

1. The "nexus presumption" language used in our cases in no way changes the government's burden at trial to prove every element of a § 924(c)(1) offense. We have presented this issue to the en banc court and the court has voted unanimously that the "nexus presumption" language is merely a tool of appellate review by which this court judges whether the evidence introduced at trial, with its accompanying inferences and viewed in the light most favorable to the government, is sufficient to permit a reasonable jury to find the defendant guilty beyond a reasonable doubt.

The issuing judicial officers of the State of Wyoming had sufficient information to justify a finding of probable cause. The informant's reliability was demonstrated. The accuracy of many, although not all, of the details were independently corroborated. While the original source of the information was not always specified, the totality of the circumstances provides a substantial basis for a finding that there was a fair probability that evidence of a criminal activity would be found in the vehicles.

We find no error in the district court's determination that the search warrants were supported by probable cause. The district court properly denied Mr. Baker's motion to suppress.

## C. Admission of Evidence

In executing the search warrants, the agents discovered a .30 caliber rifle and a .22 caliber semiautomatic rifle inside the frame of the motor home bed. Because the § 924(c)(1) charge was based solely on the presence of the nine millimeter pistol, the district court granted Mr. Baker's motion in limine to prohibit the government from admitting these two firearms into evidence in its case in chief. Mr. Baker now alleges that the district court improperly admitted these two non-charged firearms for impeachment purposes. We disagree.

"Evidentiary rulings are committed to the discretion of the trial court and are only reviewed for an abuse of that discretion." *United States v. McIntyre,* 997 F.2d 687, 699 (10th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 736, 126 L.Ed.2d 699 (1994). Here, the government properly refrained from discussing the two firearms during its case in chief. However, Mr. Baker's sister and girlfriend testified at length about the two firearms in their attempt to demonstrate Mr. Baker's innocence. The district court ruled that the defense had "opened the door wide up," and allowed the government to introduce evidence regarding the two rifles to impeach Mr. Baker's sister and girlfriend. We cannot say that this was an abuse of discretion.

**AFFIRMED.**

SEYMOUR, Chief Judge, concurring.

I am in general agreement with the majority opinion and the statement set out in footnote one, as far as it goes. I thus agree that our use of the term "nexus presumption" means only that we are performing our usual appellate review of the sufficiency of the evidence and its reasonable inferences in the light most favorable to the government. Nonetheless, in my view the use of this language, even as read in light of footnote one, is obfuscating and creates an unnecessary risk of misapplication. If the nexus presumption is intended to do no more than indicate that we are viewing the inferences from the evidence in the light most favorable to the government, we should simply say that is what we are doing, reject the presumption language as confusing, and eliminate it entirely from our cases. No explanation has been offered for singling out these particular cases as requiring us to reformulate a well-established standard of review. I see no reason to retain an extra layer of terminology that evokes inapplicable legal principles to articulate a rule that is familiar and already clearly described. I would eliminate all references to presuming a nexus between a firearm and a drug trafficking offense.