39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rowan G. RICHERSON, Defendant-Appellant.
 No. 94-3129.
 United States Court of Appeals, Tenth Circuit.
 Nov. 1, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 The only question presented by this appeal is whether the evidence is sufficient to support defendant's conviction. It is, and we affirm.
 
 
 2
 Rowan G. Richerson was convicted of one count of armed bank robbery in violation of 18 U.S.C. 2113(a) and (d). In assessing Mr. Richerson's argument on the sufficiency of evidence, we review the record in a light most favorable to the Government to determine whether it and any inference that can be drawn from it are sufficient to permit a reasonable jury to find the defendant guilty beyond a reasonable doubt. United States v. Baker, 30 F.3d 1278, 1279 (10th Cir.), cert. denied, --- S.Ct. ----, 1994 WL 418387, 63 U.S.L.W. 3266 (U.S., Oct. 3, 1994) (No. 94-5549).
 
 
 3
 Taken in the proper light, the evidence shows defendant walked into the First State Bank of Kansas City, Kansas, an institution insured by the Federal Deposit Insurance Corporation, and through a series of ruses concerning his purpose in the bank was ultimately escorted into the office of the bank president, David L. Herndon. Introducing himself as Virgil Owens, defendant claimed he was about to come into an inheritance of $1.3 million which he was considering depositing in the First State Bank. In the meantime, he needed an immediate loan of $30,000.
 
 
 4
 When Mr. Herndon responded the chances of such a loan being approved were remote, defendant pulled a handgun from his pocket and demanded $30,000 in cash or he would kill Mr. Herndon. After a negotiating session with Mr. Herndon, defendant agreed to accept $5,000, but Mr. Herndon told defendant the bank cashier would be suspicious unless documentation supporting the transaction was furnished him.
 
 
 5
 Mr. Herndon then prepared a loan application which defendant signed with the name Virgil Owens. When the cashier responded to Mr. Herndon's office, he brought with him a cashier's cash out ticket which defendant signed, "V. Owens." Mr. Herndon then escorted defendant from the bank, taking his proffered hand at the door.
 
 
 6
 Defendant testified, denying the possession of a gun, threatening Mr. Herndon, or demanding $30,000. Instead, he stated, he asked Mr. Herndon for a small loan which was refused. Defendant claimed, however, Mr. Herndon would advance defendant $2,500 if he would sign an application for $5,000. Defendant stated he agreed to this offer, and upon receipt of the money, gave Mr. Herndon $2,500 at the bank door and left. Defendant did not explain why he chose to use the name, "Owens."
 
 
 7
 Defendant now argues the evidence is insufficient because his actions were not those of one who would rob a bank. He postulates, "Ones [sic] does not rob a bank, and then leave his signature on a loan application and a cash out ticket to assist the authorities in identifying him though handwriting analysis." Perhaps, but, in this instance, the jury seemingly has concluded one who leaves the signature of another perchance has not thought about handwriting analysis.
 
 
 8
 The essence of this appeal is an attempt to persuade us to ignore all the evidence presented by the Government and adopt defendant's version as the sum and substance of the prosecution's case. That effort is not only unpersuasive, it is specious.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470