No. 96-3118

Arnold F. Hohn,                          *
                                         *
          Appellant,                     *
                                         *   Appeal from the United States
      v.        *              District Court for the
                                         *     District of Nebraska.
United States of America,                *
                                         *         [PUBLISHED]
      Appellee. *


Submitted:  September 13, 1996

Filed:  November 4, 1996


Before McMILLIAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

      The petitioner in this case, unsuccessful in his effort to have his
sentence set aside under 28 U.S.C. § 2255, seeks review in this court.
Petitioner's appeal, however, will not lie unless we issue him a
certificate of appealability, and such a certificate is not available
unless the petitioner makes a "substantial showing of the denial of a
constitutional right."  See 28 U.S.C. § 2253(c)(2).

      The petitioner complained to the district court that at his trial the
jury instructions dealing with what it means to use a firearm under 18
U.S.C. § 924(c)(1) did not conform to the principles outlined in Bailey v.
United States, 116 S. Ct. 501 (1995).  It seems to us that under these
circumstances a certificate cannot issue, because the petitioner is not
making a

constitutional claim: He is making a claim to a federal statutory right. Bailey did no more than interpret a statute, and an incorrect application of a statute by a district court, or any other court, does not violate the Constitution. The Constitution does not guarantee that judges will always be right. It does guarantee, it is true, that persons accused of crimes will receive due process; but the petitioner makes no due process claim with respect to the trial judge's actions, and trial errors hardly ever rise to the level of a due process violation in any case.

United States v. Liquori, 438 F.2d 663 (2d Cir. 1971), on which Judge McMillian relies in his dissenting opinion, is not to the contrary. The predicate for that case was that the Supreme Court had on constitutional grounds invalidated certain statutory presumptions, see id. at 666-67, and the petitioners were claiming that the statute under which they were convicted was invalid because it contained an unconstitutional presumption. See id. at 665. There is no such claim here. The petitioner does not maintain that § 924(c)(1) is unconstitutional or that it was unconstitutionally applied to him. He maintains only that the statute was wrongly applied to him.

For the foregoing reasons, we deny the certificate.

McMILLIAN, Circuit Judge, dissenting.

Arnold F. Hohn appeals from the district court's dismissal with prejudice of his 28 U.S.C. § 2255 motion claiming the benefit of Bailey v. United States, 116 S. Ct. 501 (1995). Section 102 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, amended 28 U.S.C. § 2253(c) to require a "substantial showing of the denial of a constitutional right" before a certificate of appealability may issue. The court denies Hohn a certificate. I must respectfully dissent.

**Background**

After a confidential informer told police Hohn was a high-level methamphetamine dealer, they investigated and obtained a no-knock warrant. When the police arrested Hohn in his living room, they found one gram of methamphetamine in his wallet. They also went to the kitchen where they found 15.8 grams of methamphetamine, three loaded pistols approximately one foot from the drug, and another firearm. In Hohn's bedroom the police found 3.1 grams of methamphetamine in a cigarette package and another loaded pistol approximately two feet from the package. Finally, in another bedroom they found drug paraphernalia and a gun case with shotguns and rifles. Cindy Vandry arrived at the house during execution of the warrant. She had twice purchased methamphetamine from Hohn at his home, and on those occasions she had observed "a substantial amount of currency in the bedroom."

The government charged Hohn with possession of methamphetamine with intent to distribute it, using and carrying fifteen firearms in relation to the methamphetamine offense, and being a felon in possession of firearms. He stood trial, admitted possession of some of the methamphetamine, admitted he owned the firearms as an avid gunsmith and hunter, disputed the police version of the location of some of the firearms, and testified he believed he could legally possess the firearms because his attorney had told him that his 1974 juvenile conviction for malicious destruction of property did not count as an adult felony.

At trial, counsel urged substitution of "for the purpose of" in place of "available to aid in the commission of" in the verdict director for the firearms "use" charge. The jury convicted Hohn on all counts. He did not raise the instructional issue in his pre-<u>Bailey</u> appeal. This court affirmed. <u>United States v. Hohn</u>, 8 F.3d 1301 (8th Cir. 1993).

In his § 2255 motion, Hohn argued: (1) his conduct was not a violation of 18 U.S.C. § 924(c)(1) as interpreted by Bailey; a fundamental miscarriage of justice would result unless the court addressed the issue; (3) he should not be penalized for not raising the issue on direct appeal because he relied on years of Eighth Circuit precedent; (4) denial of a remedy would show "a lack of due process in the judicial system," quoting United States v. Loschiavo, 531 F.2d 659, 666 (2d Cir. 1976) (affirming vacation of conviction on change-in-law ground not raised on direct appeal); and (5) he was prejudiced by the jury instruction that said no affirmative firearms use was required but that availability of a firearm was adequate for a guilty verdict.

The government responded that Bailey did not aid Hohn because evidence supported a carrying conviction. It admitted the verdict directing instruction was erroneous under Bailey, and Hohn was not carrying a firearm when officers executed the warrant. It argued, however, that the kitchen firearms, "within arm's reach of the methamphetamine," were in holsters and supported the inference that at some time Hohn "entered his residence and placed his belongings, which included the methamphetamine and firearms onto the counter." The government concluded it was obvious Hohn had carried the firearms during his drug trafficking activities, and the instructional error was harmless.

In reply, Hohn argued that the instruction was error under Bailey, citing United States v. Webster, 84 F.3d 1056, 1060, 1065-66 (8th Cir. 1996) (permitting brief on Bailey after initial submission of direct appeal and reversing because plain error in pre-Bailey jury instruction permitted conviction for "mere presence and ready availability" of firearm where defendant admitted purchase of a firearm for his protection). He also urged that the government's methamphetamine-within-arm's-reach-of-firearms argument was insufficient under United States v. White, 81 F.3d 80,

83 (8th Cir. 1996) (affirming "carrying" conviction on direct appeal and saying government must prove that the defendant bore the firearm on or about his person during and in relation to a drug trafficking offenses), quoting Bailey's language, "the inert presence of a firearm, without more, is not enough to trigger § 924(c)(1)." 116 S. Ct. at 508 (discussing different meanings of "use" – active employment, storage, placement for active use). He included a copy of Cynthia Vandry's testimony that she saw the rifles in the gun case but no handguns when she was at Hohn's house.

The district court noted Hohn had not raised the Bailey claim on direct appeal, found he had waived it, and dismissed the § 2255 motion with prejudice, quoting United States v. McKinney, 79 F.3d 105 (8th Cir. 1996) (2-1 decision) (holding Bailey issue waived on direct appeal because McKinney did not challenge previous cases, object to the instruction, or argue issue in opening brief).

**Discussion**

I dissent because I believe the Due Process Clause of the Fifth Amendment does not permit federal convictions for conduct that does not violate a federal statute.[1]

Congress must define federal criminal offenses. United States v. Hudson, 11 U.S. (7 Cranch) 32, 33 (1812). Judicial construction of a statute "is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise

---

[1]For that reason, I also disagree with the court's holding that Bailey challenges cannot be raised in a § 2255 motion after a plea of guilty. Bousley v. Brooks, No. 95-2687, 1996 WL 560214, at *3-4 & nn.2-4 (8th Cir. Oct. 3, 1996). The better position is, in my opinion, United States v. Barnhardt, 93 F.3d 706, 708-09 (10th Cir. 1996) (applying Bailey retroactively in second § 2255 motion after defendant pleaded guilty) (collecting Bailey cases).

-5-

to that construction." <u>Rivers v. Roadway Express, Inc.</u>, 511 U.S. 298, 312-13 (1994) (<u>Rivers</u>) (footnote omitted). Under these two principles, courts have granted post-conviction relief after changes in the law. <u>See, e.g.,</u> <u>Davis v. United States</u>, 417 U.S. 333, 346-47 (1974) (§ 2255 proper when law changes so that conviction and punishment are for act the law no longer makes criminal) (change in interpretation of selective service regulation); <u>United States v. Dashney</u>, 52 F.3d 298, 299 (10th Cir. 1995) (applying new interpretation of "financial structuring" offense in § 2255 action after defendant had served sentence to prevent complete miscarriage of justice); <u>Dalton v. United States</u>, 862 F.2d 1307, 1310 (8th Cir. 1988) (finding new interpretation of mail fraud statute applicable but affirming because no prejudice shown under standard that trial error worked to § 2255 movant's "<u>actual</u> and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions," <u>citing United States v. Frady</u>, 456 U.S. 152, 170 (1982) (emphasis in original)); <u>Ingber v. Enzor</u>, 841 F.2d 450, 454-55 (2d Cir. 1988) (applying new interpretation of mail fraud statute in § 2255 action and excusing failure to raise the claim under earlier interpretation).

The Second Circuit invoked constitutional principles when it confronted four § 2255 challenges to drug convictions in the wake of the Supreme Court's invalidation of statutory presumptions. The court relied on

> the simple and universal rule that a judgment in a criminal case in which the prosecution has offered and the record discloses no proof whatever of various elements of the crime charged has a fatal constitutional taint for lack of due process of law. . . . We must examine the principles involved in the constitutional ruling under consideration and decide whether, upon "considerations of convenience, of utility, and of the deepest sentiments of justice," the judgments of conviction were so "tainted by some fundamental unfairness within the orbit of constitutional law" that we cannot allow them to stand.

<u>United States v. Liquori</u>, 438 F.2d 663, 669 (2d Cir. 1971) (internal citation omitted).

In post-<u>Bailey</u> § 2255 cases, the issue is not advance notice that conduct is criminal (the familiar void-for-vagueness claim), but delayed notice that conduct is not criminal (change-of-law claim under <u>Rivers</u> rationale). Because <u>Bailey</u> represents such a clear break with precedent regarding the definition of "use" under § 924(c)(1), Hohn had cause for failing to appeal the denial of his objection to the verdict director. <u>United States v. Wiley</u>, 922 F. Supp. 1405, 1411 (D. Minn. 1996) (Magnuson, C.J.); <u>see also</u> <u>Dyer v. United States</u>, 23 F.3d 1421, 1423-24 (8th Cir.) (rejecting change of law in another circuit as cause), <u>cert. denied</u>, 115 S. Ct. 136 (1994); <u>Dalton v. United States</u>, 862 F.2d at 1310 (finding cause after new interpretation of mail fraud statute).

## **Conclusion**

I conclude that depriving persons of the benefit of the delayed notice that conduct is innocent violates Due Process by tolerating convictions for conduct that was never criminal. Under that proposition, a post-<u>Bailey</u> § 2255 motion presents a constitutional question as required by amended § 2253(c)(2). I also conclude Hohn's case presents a "substantial showing of the denial of a constitutional right." Accordingly, I would grant a certificate of appealability.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.