No. 96-2384

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Gary Apker, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

Submitted:  September 20, 1996

Filed:  December 6, 1996

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and
    MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

A certificate of appealability is not available to the petitioner in this case because petitioner is not asserting the denial of a constitutional right.  See Hohn v. United States, No. 96-3118, 1996 WL 633268 (8th Cir. Nov. 4, 1996) (per curiam).  We are therefore obligated to deny the certificate.

HENLEY, Senior Circuit Judge, concurring in the result.

I join in the decision of the panel to deny Apker's request for a certificate of appealability because I believe we are obliged to do so under Hohn v. United States, No. 96-3118 (8th Cir., Nov. 4, 1996), which represents the law of this circuit.  I disagree, however, with the reasoning of the Hohn decision and therefore concur only in the result.  Because of the importance of the issue

raised by both Hohn and Apker, the court may wish to take one of these cases for en banc review.

There are at least two reasons why Apker's claim that he was convicted and sentenced in violation of the Supreme Court's decision in <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), should be considered on the merits. First, it is doubtful Congress intended in its 1996 habeas revisions to bar appeals of claims that a conviction violates federal law. 18 U.S.C. § 2255 states that inmates may challenge their confinement on grounds that it violates either "the Constitution or laws of the United States." Thus, to me it makes little sense to limit appeals from denials of habeas relief to violations of the Constitution only and to hold that claims resting on interpretation of federal law are not appealable.

Second, even if Congress did intend to so limit appeals from denials of Section 2255 relief, Apker's appeal states a constitutional claim. For the reasons set forth in the dissent by Judge McMillian in <u>Hohn</u>, the unlawful application of the federal statute here -- convicting and punishing Apker for conduct which does not fall within the terms of the weapons statute as construed by the Supreme Court in <u>Bailey</u> -- denies Apker due process of law. Apker should be allowed to raise this issue on appeal.

For the stated reasons I respectfully concur in the result.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-