# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 96-2958

———————

Pedro L. Aguila,                      *
                                      *
       Appellant,                 *      Appeal from the United States
                                      *      District Court for the
   v.                              *      District of Nebraska.
                                      *
United States of America,             *         [UNPUBLISHED]
                                      *
       Appellee.                  *

———————

Submitted:  April 28, 1997

Filed:  May 16, 1997

———————

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

———————

PER CURIAM.

Pedro L. Aguila pleaded guilty to conspiring to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and to using and carrying firearms to commit a drug-trafficking offense, in violation of 18 U.S.C. § 924(c). Aguila was sentenced to consecutive 60-month prison terms and a total of 5 years supervised release; he did not appeal.

Aguila subsequently filed this 28 U.S.C. § 2255 motion, claiming his section 924(c) conviction and sentence should be vacated in light of <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995).

The district court[1] summarily dismissed the motion with prejudice, and Aguila appeals.

Upon de novo review, we are persuaded that the motion, files, and records of the case conclusively show Aguila is not entitled to relief.[2] See United States v. Duke, 50 F.3d 571, 576 (8th Cir.) (standard of review), cert. denied, 116 S. Ct. 224 (1995).  Although it appears Aguila waived and procedurally defaulted his Bailey claim by pleading guilty and not appealing, see Bousley v. Brooks, 97 F.3d 284, 287 (8th Cir. 1996), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Mar. 18, 1997) (No. 96-8516), we conclude the claim is, in any event, meritless, as he "used" a firearm.  During a drug transaction with Aguila and his co-defendant Mendez within the time frame of the conspiracy, the buyer was shown two guns, and Mendez stated the guns were there in case anyone tried to "rip off" their drugs.  See Bailey, 116 S. Ct. at 508 ("use" of firearm under § 924(c) includes brandishing and displaying firearm, and making reference to firearm calculated to change circumstances of predicate drug offense); Pinkerton v. United States, 328 U.S. 640, 647-48 (1946) (conspirator is criminally liable for substantive offense committed by another conspirator within scope and in furtherance of conspiracy, unless that offense could not reasonably have been foreseen as necessary or natural consequence of conspiracy); United States v. Rodger, 100 F.3d 90, 91 n.2 (8th Cir. 1996) (per curiam) (co-conspirator theory of liability for § 924(c)(1) offenses remains viable after Bailey).  Accordingly, the judgment of the district court is affirmed.

We deny Aguila's motion for expedited appeal.

---

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

[2]A certificate of appealability was granted in this case by a different panel prior to the court's decision in Hohn v. United States, 99 F.3d 892 (8th Cir. 1996).

MORRIS SHEPPARD ARNOLD, Circuit Judge.

I would dismiss this case for lack of jurisdiction.  See <u>Hohn v. United States</u>, 99 F.3d 892, 892-93 (8th Cir. 1996) (per curiam).  I express no view on the merits of the case.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.