**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 9 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANDRE LAMONT GREEN,

Defendant-Appellant.

No. 96-5059

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARQUITA LATICE HANKINS,

Defendant-Appellant.

No. 96-5068

(D.C. No. 95-CR-77-K)
(N. Dist. Okla.)

ORDER AND JUDGMENT*

Before BRORBY, BRISCOE and MURPHY, Circuit Judges.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Andre Green appeals his convictions of possession of cocaine base (21 U.S.C. § 841(a)) and using or carrying a firearm during and in relation to a drug trafficking crime (18 U.S.C. § 924(c)). Marquita Hankins appeals her conviction of conspiracy to possess and distribute cocaine base (21 U.S.C. §§ 841(a) and 846) and the ten-year mandatory minimum sentence imposed for that crime. We vacate Green's conviction for using or carrying a firearm during and in relation to a drug trafficking crime and remand for a new trial on that charge, and affirm as to all other issues raised by Green and Hankins.

**I.**

Green contends there was insufficient evidence to support his conviction for possession of the cocaine base found in Hankins' residence at 130 W. 50th Court North, in violation of 21 U.S.C. § 841(a). Specifically, he argues he did not live at the residence and therefore could not be convicted of possessing the cocaine base found at the residence.

In reviewing the sufficiency of the evidence to support a criminal conviction on a jury verdict, this court views the evidence, both direct and circumstantial, together with reasonable inferences drawn therefrom, in the light most favorable to the prosecution and determines whether a reasonable jury could find the defendant guilty beyond a reasonable doubt. United States v. Voss, 82 F.3d 1521, 1524-25 (10th Cir.), cert. denied 117 S. Ct. 226 (1996).

There was evidence that Green lived at Hankins' residence and had access to every part of the residence. When he was arrested, Green gave Hankins' address as his address. Many of Green's papers, men's shoes in his size, and clothing similar to his clothing were found in Hankins' residence. Although Hankins denied that Green lived there, she

testified he was a frequent overnight visitor. They were engaged to be married, and owned a car together. There was sufficient evidence of constructive possession of the drugs because Green's belongings were found throughout Hankins' residence, including in the bedroom, showing he had access to every part of the residence and the ability to control drugs found therein. See United States v. Verners, 53 F.3d 291 (10th Cir. 1995).

**II.**

Green contends an erroneous jury instruction requires reversal of his conviction for violation of 18 U.S.C. § 924(c) because there was insufficient evidence that he carried a firearm "during and in relation to a drug trafficking crime." The decision in Bailey v. United States, 116 S. Ct. 501 (1995), was filed after the trial in the present case. Although Green did not enter a contemporaneous objection to the instruction, when the court after trial directed the parties to address the impact of Bailey on the jury's verdict, Green argued there was insufficient evidence that he used or carried a firearm "during and in relation to a drug trafficking crime."

On appeal, the government concedes the instruction defining use and carrying of a firearm was erroneous under Bailey v. United States, 116 S. Ct. 501 (1995), because it defined "use" of a firearm too broadly. There was no evidence the firearm was used as "use" is now defined in Bailey. However, the government argues the conviction should be affirmed or vacated and remanded for new trial because there was sufficient evidence that Green carried the firearm.

When the jury is given an erroneous instruction defining "use," but there is sufficient evidence that the defendant carried a firearm, the conviction can be affirmed only if the court can determine with absolute certainty that the jury based its verdict on

-3-

grounds on which it was properly instructed. United States v. Miller, 84 F.3d 1244, 1256-61 (10th Cir.), cert. denied 117 S. Ct. 443 (1996). If the "carry" instruction was erroneous, but there was sufficient evidence to convict under a proper "carry" instruction, the case should be remanded for new trial on the firearm charge. United States v. Simpson, 94 F.3d 1373, 1378-80 (10th Cir.), cert. denied 117 S. Ct. 411 (1996); United States v. Spring, 80 F.3d 1450, 1464-66 (10th Cir.), cert. denied 117 S. Ct. 385 (1996). Cf. United States v. Richardson, 86 F.3d 1537, 1546-49 (10th Cir.), cert. denied 117 S. Ct. 588 (1996) (without discussing "carry" instruction, court affirmed conviction because evidence was sufficient to support conviction under "carry" prong of statute).

Green's conviction cannot be affirmed because we cannot determine with absolute certainty that the jury based its verdict on grounds on which it was properly instructed. The "carry" instruction was erroneous because it did not define "use" and "carry" separately, and did not inform the jury that carrying a firearm means possessing and transporting it. See Simpson, 94 F.3d at 1379; Spring, 80 F.3d at 1465-66. Even if the "carry" instruction was correct, the jury was not necessarily required to find Green physically carried the gun inside the residence to find that he used or carried the gun under the instructions given. The jury could have rejected the police officer's testimony that, through a window in Green's mother's home, he saw Green running down a hallway with a gun in his hand, and still have found Green guilty under the "use" prong because the firearm was found in the home and was therefore readily accessible to Green.

Remand for a new trial rather than outright reversal is required here because the evidence presented would support a conviction under a proper "carry" instruction. Green was charged with using or carrying a firearm during and in relation to possession with

intent to sell cocaine found at his mother's home. There was evidence that when the police knocked and announced their presence, Green physically transported the firearm in an attempt to hide it. This evidence satisfies the requirements of possession and transportation. It also satisfies the requirement that the firearm be carried during a drug trafficking offense. Green possessed the cocaine until the police entered his mother's home and took possession of the cocaine.

There was also sufficient evidence to satisfy the "in relation to" requirement of § 924(c). In Smith v. United States, 508 U.S. 223, 237-38 (1993), the Court held that although "in relation to" is expansive, it requires at a minimum that "the firearm must have some purpose or effect with respect to the drug trafficking offense; its presence or involvement cannot be the result of accident or coincidence." The firearm must at least facilitate or have the potential of facilitating the drug trafficking offense. Typically, firearms facilitate drug trafficking offenses by providing a means of protection or intimidation. Thus, there must be a nexus between the firearm and the drug trafficking offense. Miller, 84 F.3d at 1260; United States v. Baker, 30 F.3d 1278, 1280 (10th Cir.), cert. denied 513 U.S. 906 (1994). In reviewing the sufficiency of the evidence, this court presumes a nexus between a firearm and a drug trafficking offense when an individual with ready access to a firearm commits such an offense. Richardson, 86 F.3d at 1548; Baker, 30 F.3d at 1280.

Here, there was evidence that Green had ready access to the firearm during his possession of the cocaine because there was evidence that he was carrying the firearm after the police knocked and announced their presence. This is sufficient to satisfy the "in relation to" element.

## III.

Hankins contends the evidence was insufficient to prove she conspired with Green to distribute cocaine base. We disagree. The evidence shows more than mere association with Green. The purpose of the crack house at 526 E. 52nd Street North was obvious; intermittent surveillance revealed that Hankins went to the house several times and a photograph revealed Hankins was inside the house at least once. She had a large amount of cash hidden on her person after one visit to the house. A number of documents relating to the house were found at Hankins' residence and one such document was found in her purse. A photograph of Green packaging drugs in the house was found in Hankins' residence. She rented the apartment at 3142 S. Lakewood where police observed Hankins, Green, and short-term traffic indicative of drug dealing, and found small amounts of cocaine, $510 in cash, and scales.

Hankins was acquitted of all charges specifically related to the crack house and the drugs found there on March 3. However, the conspiracy charge was not limited to a conspiracy to distribute the cocaine base found at the house on March 3. Hankins was charged with conspiring with Green to distribute cocaine base from January to June 7, 1995. Even if the evidence was insufficient to prove Hankins participated in a conspiracy to distribute cocaine base with Green before seizure of the drugs found in the house on March 3, the evidence was sufficient to prove that after that date, Hankins knew Green was distributing cocaine base and she voluntarily agreed to participate in a conspiracy with Green by renting the Lakewood apartment and participating in its use as a replacement for the crack house. The circumstantial evidence was sufficient to establish the elements of conspiracy--agreement with at least one other person to violate the law,

knowledge of the essential objectives of the conspiracy, knowing and voluntary participation in the conspiracy, and interdependence of the conspirators. See United States v. Evans, 970 F.2d 663, 668 (10th Cir. 1992), cert. denied 507 U.S. 922 (1993).

## IV.

Hankins contends even if the conspiracy conviction is not set aside, the ten-year mandatory minimum sentence for conspiracy to distribute 50 or more grams of cocaine base is inapplicable because there was insufficient evidence to attribute to her the drugs found on March 3 at the crack house. Relying on U.S.S.G. § 1B.1.3(a)(1)(B), she argues the drugs found at the crack house were not foreseeable by her because there was insufficient evidence she was in a conspiracy to distribute cocaine with Green until after March 3. We are not persuaded.

Under § 1B.1.3(a)(1)(B), a defendant is responsible for all reasonably foreseeable acts of others in furtherance of a jointly undertaken criminal activity. A defendant is not responsible for conduct of others done before the defendant entered the conspiracy even if the defendant knew of the conduct. Under the Guidelines, Hankins is responsible only for reasonably foreseeable quantities of drugs possessed by Green within the scope of their jointly undertaken criminal activity after she entered the conspiracy with Green. See U.S.S.G. § 1B1.3, Application Note 2. The district court concluded the cocaine base found at the crack house on March 3 was reasonably foreseeable by Hankins.[1]

---

[1] The mandatory minimum sentence provisions do not expressly require that drug quantities involved in a conspiracy be foreseeable to individual conspirators. However, four circuits have held the mandatory minimum sentence can be applied only when the required drug quantities were foreseeable to the individual conspirator. United States v. Young, 997 F.2d 1204, 1209-10 (7th Cir. 1993); United States v. Becerra, 992 F.2d 960, 967 n.2 (9th Cir. 1993); United States v. Martinez, 987 F.2d 920, 923-26 (2d Cir. 1993);

In granting a judgment of acquittal on the charges specifically related to the crack house, the district court concluded the evidence did not prove beyond a reasonable doubt that Hankins had participated in the conspiracy with Green by renting the crack house under the name of Cynthia Phillips or by paying the rent for the house. However, as the court noted, in sentencing, the burden of proof is by a preponderance of the evidence. The district court's findings of fact are subject to reversal only if they are clearly erroneous. See United States v. Ortiz, 993 F.2d 204, 207 (10th Cir. 1993).

The evidence was sufficient to establish for purposes of sentencing that Hankins participated in the conspiracy with Green before March 3 and that drugs found at the crack house were reasonably foreseeable to her. Police observed Hankins at the house several times before the search on March 3 and a photograph found on March 10 established Hankins had been inside the house at least once. It is highly unlikely the photograph was taken after Green's arrest and after the search of the crack house on March 3. Hankins' familiarity with the house supports an inference that she knew its purpose, which was obvious.

There was also sufficient evidence to support an inference that Hankins participated in the conspiracy with Green before March 3. A police officer testified that

_____

United States v. Jones, 965 F.2d 1507, 1517 (8th Cir.), cert. denied 506 U.S. 924 (1992). See also United States v. Rodriguez, 67 F.3d 1312, 1324 (7th Cir. 1995), cert. denied 116 S. Ct. 1582 (1996) (although relevant conduct as defined by sentencing guidelines is inapplicable to mandatory minimum sentence based on crime of conviction, foreseeability is relevant to mandatory minimum sentence for conspiracy because conspirators are liable for foreseeable acts of co-conspirators done in furtherance of conspiracy). Because the evidence supports the district court's conclusion that the drug quantities were foreseeable to Hankins, we need not decide whether the foreseeability principle of the Guidelines applies to mandatory minimum sentences under 21 U.S.C. §§ 841 and 846.

the pattern of Hankins' visits to the crack house indicated she was acting as the "banker" for Green. Hankins had no significant employment, but in December 1994, deposits of $1,500 and $1,700 were made to her credit union account. Although the evidence did not prove Hankins personally rented the crack house under the false name of Cynthia Phillips, there was sufficient evidence to show she was involved in the rental of the house. The secretary to the property manager who rented the house to Cynthia Phillips did not think Hankins was the same woman, but testified Hankins looked familiar because she had been in the office. The reference given by Phillips on her rental application was Hankins' sister and a rent receipt made out to Phillips was found in Hankins' purse.

There was also evidence that a confidential informant told police before March 3 that both Hankins and Green were selling crack at the house. This was sufficiently corroborated by other evidence concerning Hankins' involvement to satisfy U.S.S.G. § 6A1.3. Cf. Ortiz, 993 F.2d at 207-08 (confidential informant's statement that defendant distributed three pounds of marijuana per week for 18 months not corroborated by evidence defendant distributed pound quantities every six months to two friends and made one-time purchase of one kilogram). In any event, the district court did not rely on the informant's statement to any significant degree in determining Hankins' sentence.

The evidence was sufficient to establish for sentencing purposes that Hankins knew the purpose of the crack house and participated in the conspiracy to distribute cocaine before March 3. Consequently, the amount of drugs found in the crack house was foreseeable to her and could properly be attributed to her in determining her sentence.

Hankins' conviction and sentence for conspiracy are AFFIRMED. Green's conviction for possession of cocaine base is AFFIRMED. Green's conviction for using or

carrying a firearm during and in relation to a drug trafficking crime is VACATED and that charge is REMANDED for new trial.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
