**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 7 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES,

      Plaintiff-Appellee,

v.

EDMUNDO GALINDO ALVARADO,

      Defendant-Appellant.

Case No. 96-3428

(D.C. 92-40022-01)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

      Edmundo Galindo Alvarado, appearing pro se and proceeding in forma pauperis, was convicted of possession of marijuana with intent to distribute under 21 U.S.C. § 841(a)(1), of conspiracy to possess marijuana with intent to distribute under 21 U.S.C. § 846, and of possession of a firearm during a drug trafficking offense under 18 U.S.C. § 924(c)(1).

---

    [*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Alvarado's convictions were affirmed on direct appeal. See United States v. Alvarado, No. 92-3418, 1994 WL 161347 (10th Cir. Apr. 28, 1994). He subsequently filed an application for certificate of appealability and a motion to vacate judgment and sentence of his 924(c)(1) conviction,[1] under 28 U.S.C. § 2255, contending this conviction is invalid pursuant to Bailey v. United States, 116 S. Ct. 501 (1995), which was decided after we affirmed his conviction. Mr. Alvarado appeals the district court's denial of relief. For the reasons stated herein, because Mr. Alvarado cannot make a substantial showing of the denial of a constitutional right, we affirm the denial of his application for a certificate of appealability and dismiss the appeal.

## BACKGROUND

In 1992, a Kansas Highway Patrol trooper pulled over Mr. Alvarado and his passenger, Toribio Olivas for a routine traffic violation. The trooper noticed the overwhelming odor of air freshener and the extreme nervousness of the occupants. The trooper asked Mr. Alvarado to step out of the vehicle. Mr. Alvarado informed the trooper that Mr. Olivas owned the automobile. After citing Mr. Alvarado for driving on a suspended license, the trooper presented Mr. Olivas with a consent to search form, which he signed.

---

[1] Mr. Alvarado filed his petition and application for a certificate of appealability on July 3, 1996, after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996).

The ensuing search revealed a loaded firearm, ammunition, and fifteen kilograms of marijuana located on a hollowed out portion of the gas tank. When the trooper discovered the firearm in the split between the passenger and driver section of the front seat, he asked whose it was. Mr. Alvarado raised his hand and said it was his. The troopers subsequently transported Mssrs. Alvarado and Olivas to the Franklin County Jail.

**DISCUSSION**

In reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo, and its findings of fact for clear error. See United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996). In this § 2255 appeal, Mr. Alvarado challenges his conviction under count three of the indictment which charged that he "knowingly used and carried a firearm . . . during and in relation to a drug trafficking crime . . . ." Rec. vol. I, doc 3 at 2 (emphasis supplied). However, the statute under which he was convicted, 18 U.S.C. § 924(c)(1) defines the crime in the disjunctive. See 18 U.S.C. § 924(c)(1) ("Whoever, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm . . . ."). "[A] crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive." United States v. Parrish, 925 F.2d 1293, 1297 (10th Cir. 1991) (internal quotation marks omitted). Mr. Alvarado thus contends that he "never use[d] or carried a firearm" under Bailey's reconstructed definition of § 924(c)(1). See Aplt's Br. at 12-13.

3

Mr. Alvarado must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), before we shall issue him a certificate of appealability. It is clear that Bailey did not establish a new rule of constitutional law, but simply interpreted a substantive criminal statute. United States v. Barnhardt, 93 F.3d 706, 709 (10th Cir. 1996) (holding "Bailey establishes a new non-constitutional rule of substantive law"). However, the Supreme Court has held, pre-AEDPA, that a petitioner may establish "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent," Davis v. United States, 417 U.S. 333, 346 (1974), if he demonstrates that his "conviction and sentence are for an act that the law does not make criminal." Id. at 346-67 (holding that collateral relief under § 2255 is available for such a conviction and punishment); see Barnhardt, 93 F.3d at 709-711 (allowing successive post-Bailey § 2255 challenge to voluntariness of plea); United States v. Dashney, 52 F.3d 298, 299 (10th Cir. 1995) (applying Davis to new interpretation of financial structuring offense in § 2255 action to prevent complete miscarriage of justice).

Although grounded in a claim that his sentence was imposed "in violation . . . of the laws of the United States," 28 U.S.C. § 2255, such punishment would implicate the Due Process Clause, and might result in a complete miscarriage of justice. See Hohn v. United States, 99 F.3d 892, 895 (8th Cir. 1996) (McMillian, J., dissenting) ("I conclude that depriving persons of the benefit of the delayed notice that conduct is innocent violates Due Process by tolerating convictions for conduct that was never criminal."); see

4

also Davis, 417 U.S. at 346.  But see Young v. United States, __ F.3d __, No. 97-1518, 1997 WL 474415, at *5 (7th Cir. Aug. 21, 1997) (noting that Davis authorized relief under § 2255, but does not necessarily apply to § 2253(c)(2), and stating "that there is a gulf between a statutory and a constitutional error");  Hohn, 99 F.3d at 892 (noting there is no showing of the denial of a constitutional right where petitioner made no due process claim and holding that "an incorrect application of a statute by a district court, or any other court, does not violate the Constitution").  Liberally construing his petition, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we hold that Mr. Alvarado has averred a Fifth Amendment Due Process claim.  See Aplt's Br. at 2.

We agree with the Second Circuit that to the extent that Mr. Alvarado relies on the Fifth Amendment to assert that his conviction for behavior that is no longer considered criminal is invalid, "his claim is constitutional, but not new; and to the extent that he relies on Bailey, his claim is new, but not constitutional."  Triestman v. United States, __ F.3d __, No. 96-2563, 1997 WL 529622, at *10 (Aug. 28, 1997) (rejecting successive § 924(c)(1) claim as "new rule of  constitutional law" under § 2255); see Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (same).  As in Barnhardt, we recognize that a petitioner may couple a constitutional Fifth Amendment Due Process Clause claim with a "new non-constitutional rule of substantive law" in his application for a certificate of appealability.  93 F.3d at 709.  We thus may examine Mr. Alvarado's claim under §

5

2253(c)(2), although on its face it does not appear to assert the denial of a constitutional right.

We issue a certificate of appealability only if the issues raised are debatable among jurists of reason, if a court could resolve the issues differently, or if the questions presented are deserving of further proceedings. See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996) (citing Barefoot v. Estelle, 463 U.S. 880, 892-93 & n.4 (1983)). As the district court's thorough opinion pointed out, Mr. Alvarado cannot make such a showing, because the record is clear that he carried the firearm.[2]

"To support a finding that a defendant carried a firearm, both before and after Bailey, the government must prove 'that the defendant transported a firearm in a vehicle and that he had actual or constructive possession of the firearm while doing so,' and must also prove that the defendant possessed and transported the firearm during and in relation to a drug-trafficking offense." United States v. Simpson, 94 F.3d 1373, 1379 (10th Cir. 1996) (quoting United States v. Miller, 84 F.3d 1244, 1259 (10th Cir. 1996) and citing United States v. Richardson, 86 F.3d 1537, 1548 (10th Cir. 1996)).

---

[2]     The dissent in Hohn makes a compelling argument that a claim for a conviction for conduct that was never criminal in this kind of situation merits the granting of a certificate of appealability. See Hohn v. United States, 99 F.3d 892, 894-95 (8th Cir. 1996) (McMillian, J., dissenting). We need not resolve this point, here, however, because Mr. Alvarado cannot make a *substantial* showing of the denial of a constitutional right, one that is debatable among jurists of reason. See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996) (citing Barefoot v. Estelle, 463 U.S. 880, 893-94 & n.4 (1983)).

"As an appellate court reviewing for sufficiency of the evidence, 'we presume a nexus between a firearm and a drug-trafficking offense when an individual with ready access to a firearm is involved in such an offense.'" Richardson, 86 F.3d at 1548 (quoting United States v. Baker, 30 F.3d 1278, 1280 (10th Cir. 1994) (internal quotation omitted)). Mr. Alvarado admitted that he owned the firearm which was found next to him in the automobile. There is no dispute that he was driving the vehicle at the time of the stop. Finally, there is no allegation that Mr. Alvarado was unaware of the presence of a substantial quantity of marijuana in the modified gas tank.

Mr. Alvarado does not dispute the presumption of a nexus between the firearm and the offense that arises when an individual with ready access to a firearm is involved in a drug trafficking offense. "The evidence was sufficient for the jury to conclude that Mr. [Alvarado] carried a firearm during and in relation to" the drug crime for which he was convicted. Richardson, 86 F.3d at 1549.

Accordingly, Mr. Alvarado has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2), and we decline to issue him a certificate of appealability and dismiss the appeal. The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge

7