F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

URIEL PARRA RAMIREZ, also known
as Parra R. Uriel, also  known as Ramirez
Parra Uriel, also known as Anthony
Joseph Ramirez, Jr.,

Defendant - Appellant.

No. 02-4069
(D. Ct. No. 1:01-CR-22-W)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **HOLLOWAY**, and **KELLY**, Circuit Judges.

---

Defendant Uriel Parra Ramirez appeals the district court's denial of his motion to

suppress drugs and weapons seized, pursuant to a search warrant, from a storage unit

rented by defendant.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and

AFFIRM.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

## I. Background[1]

On September 26, 2000, the owners of a Stor-n-Lock business, suspecting that one or more of the storage units on their premises contained illegal drugs, contacted the Riverdale City Police Department (RCPD) requesting that "a drug trained K-9" sniff three units, including unit 2042, which was rented by defendant. In response to the Stor-n-Lock's request, Sergeant Skip Smith of RCPD requested that two officers of the South Salt Lake City Police Department, Dave Labbe and Chad Ferrin, run their drug dogs through the part of the facility in which unit 2042 was located. Both dogs alerted to the presence of drugs in the unit, after which Officer Labbe himself smelled the odor of raw marijuana emanating from unit 2042.

Based upon this information, Officer Trent Bills of the RCPD drafted an affidavit in support of a warrant to search units 2041 and 2042. Officer Bills presented the warrant to a judge of Utah's Second District Court and swore to its contents. The judge signed the search warrant, which Officer Bills executed the same day. Unit 2042 contained marijuana and guns. No contraband was found in unit 2041.

On April 4, 2001, a federal grand jury for the District of Utah returned a four-count indictment against defendant. On January 22, 2002, defendant pleaded guilty to possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1),

_____

[1] As the district court's order sets forth the facts in ample detail, including the text of the affidavit, we merely summarize them here.

and to one count of illegal possession of a firearm, in violation of 18 U.S.C. § 922(g)(5). Defendant preserved the right to appeal the district court's denial of his motion to suppress pursuant to Federal Rule of Criminal Procedure 11(a)(2). The district court sentenced defendant to seventy months in prison. Defendant timely filed a notice of appeal.

On appeal, defendant challenges the sufficiency of the affidavit relied upon by the issuing judge, arguing that it was incapable of establishing probable cause for two reasons: (1) it fails to refer to the training or reliability of the dogs employed in the sniff; and (2) it fails to refer to the training or reliability of the officers handling the dogs at the time of the sniff.

## II. Discussion

When reviewing a district court's denial of a motion to suppress, we consider the evidence in the light most favorable to the government and accept the district court's findings of fact unless clearly erroneous. *United States v. Baker*, 30 F.3d 1278, 1280 (10th Cir. 1994). While we review the district court's determination that probable cause supported the issuance of a warrant de novo, *United States v. Price*, 265 F.3d 1097, 1101 (10th Cir. 2001), we owe great deference to the initial determination, by the judicial officer who issued the search warrant, that probable cause existed. *United States v. Nolan*, 199 F.3d 1180, 1182 (10th Cir. 1999); *Baker*, 30 F.3d at 1280 (internal quotation marks and citation omitted). Thus, we "must determine whether, under the totality of the

circumstances presented in the affidavit, the judicial officer had a substantial basis for finding a fair probability that contraband or other evidence of a crime would be found in the place to be searched." *Baker*, 30 F.3d at 1280 (internal quotation marks and citation omitted).

Under this standard, we find that the Utah District Judge had sufficient probable cause to issue the warrant at issue in this case. We have previously held that an affiant's failure to specifically describe a drug dogs' training and certification is not fatal to the sufficiency of the affidavit. *See United States v. Kennedy*, 131 F.3d 1371, 1376-77 (10th Cir. 1997) (citing cases); *United States v. Venema*, 563 F.2d 1003, 1007 (10th Cir. 1977). In *Kennedy*, we also declined to "encumber the affidavit process by requiring affidavits to include a complete history of a drug dog's reliability." 131 F.3d at 1377. "As a general rule, a search warrant based on a narcotics canine alert will be sufficient on its face if the affidavit states that the dog is trained and certified to detect narcotics." *Id.* at 1376-77.

Officer Bills' affidavit described a request by the owners of the Stor-n-Lock that "a drug trained K-9" respond to the scene; two such dogs, along with their handling officers, did respond. The issuing magistrate was entitled to "draw such reasonable inferences as he [would] from the material supplied to him by applicants for a warrant." *Illinois v. Gates*, 462 U.S. 213, 235 (10th Cir. 1983). He also had the authority to consider the totality of the circumstances and to make reasonable inferences in determining whether the materials supplied to him supported issuance of the warrant.

- 4 -

*United States v. Rowland*, 145 F.3d 1194, 1205 (10th Cir. 1998); *United States v. Baker*, 30 F.3d 1278, 1280 (10th Cir. 1994). Thus, while it is likely that the affidavit's reference to "drug trained K–9" is itself sufficient under *Kennedy* to have permitted the issuing judge to infer that the dogs in question were qualified, we need not reach that question because the totality of the circumstances presented in the affidavit included Officer Labbe himself smelling and identifying the odor of raw marijuana issuing from the storage unit. An officer's detection of the odor of drugs can itself provide sufficient basis for probable cause. *See, e.g., United States v. West*, 219 F.3d 1171, 1178 (10th Cir. 2000) (finding probable cause for search where officer smelled methamphetamine during traffic stop); *United States v. Downs*, 151 F.3d 1301, 1303 ("'[T]he odor of marijuana alone can satisfy the probable cause requirement to search a vehicle or baggage.'") (quoting *United States v. Morin*, 949 F.2d 297, 300 (10th Cir. 1991)).

## III. Conclusion

Thus, under the totality of the circumstances presented in the affidavit, we are satisfied that the issuing judge had sufficient probable cause to issue a warrant to search unit 2042. Specifically, based upon the reasons articulated above, we hold that the information contained in the affidavit, considered together, entitled the issuing judge to infer the qualifications of both the dogs and their handlers. We therefore AFFIRM the district court's denial of defendant's motion to suppress the drugs and guns found in

storage unit 2042.[2]  The motion for an extension of time to file a reply brief is denied as moot.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge

---

[2] Because we hold that the affidavit contained facts sufficient to support the issuing judge's finding of probable cause, we need not reach defendant's assertion that the good faith exception to the warrant requirement does not apply.